## CUNNINGHAM v. CURRENT RIVER RAILROAD COMPANY, Appellant.

### Division Two, November 26, 1901.

1. **Change of Venue:** CONSTITUTIONALITY OF STATUTE: NOT TO BE RAISED BY LITIGANT. It is no concern of the litigant what becomes of the ten dollars which one lawful statute requires him to deposit along with his application for a change of venue, and which another statute requires the clerk to transmit to the judge to whose circuit the case is sent, the purpose of the statute requiring the deposit being lawful.

2. ———: ———: INCREASE OF JUDGE'S SALARY: EXPENSES. The statute requiring a deposit of ten dollars with the application for change of venue, and of the payment thereof by the clerk to the judge if the change is granted, was not unconstitutional as increasing the salary of the judge for the period for which he was elected, for it was not intended for a payment of his salary or in any sense an increase thereof, but simply as compensation for the extra labor imposed upon him by the party on whose application the change was made. The compensation mentioned in the Constitution means compensation paid by the State or some subdivision thereof, as a salary, but does not mean pay for extra services nor recoupment for expenses incurred in the performance thereof.

3. ———: FAILURE TO PAY FEE: SETTING ASIDE ORDER GRANTING
CHANGE. The deposit of ten dollars along with the application
for a change of venue is not a condition precedent to the entertainment of the application, and, therefore, if the court grants
the change without the fee having been paid, it can not at a subsequent term set the order aside and proceed to try the cause, for
the simple reason that by granting the order and adjourning in
course the court lost jurisdiction of the case, the making of the
order in the first place without the fee having been paid being
an irregularity which did not render it invalid.

4. ———: ———: ———: APPLICABLE TO CIVIL AND CRIMINAL
CASES ALIKE. And this view of the court's loss of jurisdiction
is applicable to civil cases as well as criminal ones.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,*
*Judge.*

REVERSED AND REMANDED.

*W. J. Orr* for appellant.

(1) The Act of April 18, 1895, if construed to require the
payment of ten dollars to judges then in office, when a cause is
sent from one circuit to another on a change of venue, is in violation of section 33, article 6, Constitution.   (2) The order
made at the June term, 1898, of the Howell Circuit Court,
changing the venue to the Texas Circuit Court, divested the
former court of all jurisdiction of the cause.   State v. Hooper,
71 Mo. 427; Henderson v. Hudson, 55 Mo. 538; State v. Taylor, 132 Mo. 282; State v. Lay, 128 Mo. 609; State v. Bragg,
63 Mo. App. 22.   (3) There was absolutely no proof in support of the allegation that the stock was killed in Hutton Valley
township.   Briggs v. Railroad, 111 Mo. 168; Mitchell v. Railroad, 82 Mo. 106; Ellis v. Railroad, 83 Mo. 372; Backenstoe,
v. Railroad, 86 Mo. 492; King v. Railroad, 90 Mo. 520.

*A. H. Livingston* for respondent.

The only question that this court can consider—the only
one presented by the record, is:  Did the court err in holding

that a change of venue, in fact, had been perfected by reason of the non-payment of the fee? and if there is any question as to the constitutionality of the statute requiring such fee to be paid, it is involved in this proposition. The reading of section 696, Revised Statutes 1899, makes it very clear that the court did not err in holding that no change of venue was, in fact, granted. The clerk could not send the transcript, neither could the clerk of the court to which it was ordered receive it until the fee of $10 was paid. Hence, the order changing the venue was a mere nullity, because under the statute the court has no power to change the venue in such cases without the fee accompanies the application. Then, is the statute in question obnoxious to any provision of the Constitution? I contend that it is not. In support of its contention appellant merely cites section 33, article 6 of the Constitution. No reason or authority is cited in support of its position. No one would contend that the salary of a circuit judge can be raised during the term for which he is elected, but does the act in question raise the salary? It is clear that it does not. The statute simply requires a fee of $10 to be paid to the judge to whom the case is sent for trial. Judges of the circuit court are elected within prescribed territory, and have jurisdiction of causes only arising therein, and receive a salary for such public service. Then if the Legislature has power to impose upon such judge the duty to try causes arising outside of his fixed territory, can it not also prescribe a fee for such extra work? It stands to reason that it can. There is a vast difference between the meaning of the word, "salary" and the word "fee." Salary means the per annum compensation to men in official positions. Fees mean compensation for particular acts or service. Anderson's Dictionary of Law, 914. A statute will not be declared void as a violation of the Constitution unless its unconstitutionality appears beyond a reasonable doubt. State v. Thompson, 144 Mo. 314; State v. Aloe, 152 Mo. 466.

BURGESS, J.—This action was begun by plaintiff before a justice of the peace in Howell county for damages alleged to have been sustained by him by the negligence of defendant in running over and killing his stock.

The complaint is as follows:

"Plaintiff states that the defendant is and was on the tenth day of August, 1897, a corporation organized and existing under the laws of the State of Missouri, and as such corporation owned and operated a railroad running and passing through said Hutton Valley township in the State of Missouri. That on the said tenth day of August, 1898, the defendant by its agents, servants and employees, by running a locomotive and train of cars over said railroad in said township, ran said cars over and against and struck and killed two hogs of the plaintiff's of the value of seven dollars each, to the damage of the plaintiff in the sum of fourteen dollars. That said hogs came upon the track of said railroad in said township where it passes through uninclosed land and where there was not any crossing of said railroad by public highway, nor in the limits of any town.

"The defendant on said tenth day of August, 1898, and for a long time prior thereto had failed and neglected to keep and maintain a lawful fence on the sides of its road, but suffered the same to remain wholly unfenced at a point where said stock got upon the track and was killed as aforesaid, and by reason thereof said stock got upon said railroad track and the killing of said stock was occasioned then and there by the neglect and failure of the defendant to keep and maintain lawful fences on the sides of its road as aforesaid.

"Wherefore, the plaintiff by reason of the killing of said stock aforesaid, and by virtue of section 2611 of the Revised Statutes of 1889 of the State of Missouri, demands judgment for double the value of said stock, to-wit, the sum of twenty-eight dollars.

Vol 165 mo—18

"The plaintiff for another cause of action states that on the twenty-ninth day of June, 1897, the defendant was a corporation organized and existing under the laws of the State of Missouri, and as such corporation owned and operated a railroad passing and running through Hutton Valley township in said county and State aforesaid, and on the said twenty-ninth day of June, 1898, the defendant by its agents, servants and employees, while running a locomotive and train of cars over said railroad in said township, ran said train of cars against and struck and killed three calves, the property of this plaintiff, of the value of fifty dollars, to the damage of the plaintiff in the sum of fifty dollars. The said calves came upon the track of said railroad in said township where it passes through uninclosed lands and where there was not any crossing of said railroad by a public highway nor in the limits of any town.

"That the defendant on the said twenty-ninth day of June, 1898, and for a long time prior thereto failed and neglected to keep and maintain a lawful fence on the sides of its said railroad but suffered the same to remain wholly unfenced at the point where said stock got upon the track and were killed as aforesaid; and that by reason thereof said killing of said stock was occasioned then and there by neglect and failure of the defendant to keep and maintain lawful fences on the sides of its road as aforesaid.

"Wherefore, the plaintiff by reason of the killing of said stock as aforesaid, and by virtue of section 2611 of the Revised Statutes of 1889 of the State of Missouri, demands judgment for double the value of said stock, to-wit, in the sum of one hundred dollars."

Plaintiff recovered judgment before the justice, from which defendant appealed to the circuit court.

Thereafter, at the regular June term, 1898, of the Howell Circuit Court defendant filed its application for a change of venue from that county upon the grounds of undue influence by plaintiff over the mind of the judge of that court, and preju-

dice of the inhabitants of the county against defendant.

At the same term the motion was sustained upon the first ground assigned, and a change of venue awarded to Texas county, and the clerk of the court ordered without delay, to make out a complete transcript of the record and transmit the original files not forming a part of the record, to the clerk of the circuit court at Houston, Texas county. But the defendant did not deposit at any time with the clerk of the court, the ten dollars required of it under such circumstances by section 2272a, 2272b, Laws 1895, p. 92 (secs. 833, 834, R. S. 1899), and the clerk did not make out and transmit the record as required by the order of the court.

Thereafter, at the October term of said circuit court of Howell county the following occurred:

"Now on this day, this cause coming on to be heard, plaintiff being present in person and by attorney, and the defendant being present by attorney, it is admitted in open court that when the application for a change of venue heretofore granted in this cause was filed, defendant failed to put up the ten-dollar fee as required by law. It is therefore ordered and adjudged by the court that the change of venue heretofore granted in this cause be and the same is hereby set aside on the ground that the defendant, applicant, failed to put up the ten dollars as required by law for change of venue.

"To which order and ruling of the court the defendant appearing by counsel for that purpose only, then and there objected and excepted, on the ground that the order for change of venue having already been granted, the Howell Circuit Court was without jurisdiction in the cause, and for the further reason that the act of April 8, 1895, which requires the applicant for a change of venue to deposit ten dollars with his application, is in violation of section 33, article 6, of the Constitution of the State of Missouri.

"Whereupon, on the same day, the cause was submitted to and tried by the court sitting as a jury, the plaintiff alone ap-

pearing, the defendant refusing to appear further in Howell Circuit Court."

The trial resulted in a judgment for plaintiff in the sum of $126, from which defendant appeals.

The point was made in the motion in arrest, and is now urged upon our attention, that the sections of the statute (833 and 834) are in violation of section 33, article 6, and section 10, article 10, of the Constitution of this State.

Section 33, article 6, supra, provides that the judges of the supreme, appellate and circuit courts, and all other courts of record receiving a salary, shall, at stated times, receive such compensation for their services as is or may be prescribed by law; but it shall not be increased or diminished during the period for which they were elected; and, the argument is that both sections 833 and 834, supra, are unconstitutional and void upon the ground that the ten dollars required to be paid by section 833 is, by section 834, to be paid to the judge of the circuit court to which the change of venue may be granted, or to any special judge trying such case, and, therefore, increases his compensation during the period for which he was elected. But we don't think that defendant is in any position to raise that question, in this proceeding, for it is a matter entirely outside of the record in this case. Is it any concern of the defendant in its capacity of a litigant what becomes of the money after being paid, if in the first place it was paid in pursuance of a lawful act of the Legislature? We think not. The two sections of the statute have reference to entirely different matters, one requiring the deposit of ten dollars by the applicant upon the filing of a motion for a change of venue of the cause, the other to the payment of it to the judge of the circuit court to whose circuit the cause may be sent, or to any special judge trying such case. After the money is deposited with the clerk by the party making the application for the change of venue he has no further control over it, unless the application should be refused, then it is to be returned to him. But even if these

sections of the statute be construed in the like manner or concern, we are of the opinion that they are not unconstitutional, at any rate not beyond a reasonable doubt. The ten dollars whose payment is required to be made on the presentation of an application for a change of venue from the circuit where the cause is at the time pending, is not intended and is in fact in no sense an increase in the salary of the judge to whom it is to be paid, but compensation for extra labor imposed upon him by the person on whose application the venue is changed by reason of the cause being sent to him from another circuit.

The compensation mentioned in the Constitution means compensation paid by the State, or some subdivision thereof, in the way of an increase of salary or compensation, which can not be increased by legislation during the period for which the judge is elected, but does not mean that he may not be paid for extra services and expenses incurred in the performance thereof, even out of the State treasury.

Statutes of a somewhat similar character are to be found among our statutes. For instance by section 9701, Revised Statutes 1899, it is provided that every judge of a circuit or criminal court of this State shall be allowed and paid all sums of money actually expended by him in necessary expenses while engaged in holding any term of court at any place in his circuit outside of the county in which he resides, to be paid out of the State treasury. So by section 2597, Revised Statutes 1899, it is provided that whenever the judge of any circuit court, shall, at the request of the judge of some other circuit court in this State, hold any part of a term of court for the purpose of trying any criminal under the circumstances mentioned in section 2594 of said statutes, he shall, in addition to the salary allowed by law, receive his actual expenses and five dollars per diem for the time necessarily engaged in the trial of said cause and in going to and returning from the place of trial, to be paid out of the State treasury, and these statutes, in so far as we are advised, have never been called in question. And it may safely

be said that if they are not in conflict with the Constitution, that the statute in question is not.

There can be no question, we think, as to the right of the Legislature to pass the act.

It is unnecessary to say more with respect to the contention that the statute in question is in conflict with section 10 of article 10 of the Constitution than that that section has nothing whatever to do with such matters, and no relation to them.

It is also insisted by defendant that its failure to deposit with the clerk, with its application for change of venue, the ten dollars as required by statute was a mere irregularity, for which the trial court could not at a subsequent term set aside its order made at a previous term granting a change of venue to another circuit.

While the statute required that the defendant, when it made application for the change of venue, deposit with its application with the clerk of the court, ten dollars, which it failed to do, the court did not, for that reason, lose jurisdiction over the case, and its order granting the change of venue to Texas county was not absolutely void but irregular and could not of course be set aside at a subsequent term of the court after the order was made, for the obvious reason that it had lost jurisdiction of the case at that time by reason of the order changing the venue. [State ex rel. v. Lay, 128 Mo. 609.] In passing upon a similar question in State v. Taylor, 132 Mo. 286, it was said: "That the circuit court of Hickory county was fully possessed of the cause there can be no doubt; that it was entirely competent for it to grant a change of venue for good cause shown is equally clear. Such an order was plainly within its jurisdiction, and gave the court to which it sent the cause full jurisdiction to try it. Every presumption, then, must be indulged in its favor. It has been held in many cases in this court that a defective application for a change of venue is a mere irregularity and will not render the order making the change void; and being a mere irregularity the defendant must make

his objection at the time the order is made and preserve it by a bill of exceptions, if he desires to urge it in this court.   [State v. Knight, 61 Mo. 373; State v. Ware, 69 Mo. 332.]   And in this respect the rule of practice is the same whether the case be civil or criminal.   [Section 4221, R. S. 1889; State v. Ware, 69 Mo. 332; Stearns v. Railroad, 94 Mo. 317; Keen v. Schnedler, 92 Mo. 516.]"

The deposit of the ten dollars by the defendant with its application for a change of venue was not a condition precedent to the entertainment of the application, nor to the power of the court to grant it, therefore, its failure to do so did not render the order void, and as it had no power to set the order aside at a subsequent term, it was without authority to try the case, the venue of which had been transferred to another court.

Our conclusion is that the court was without authority to try the case.

The point is also made that there was no evidence to show that the stock were killed in Hutton Valley township or even in Howell county but as the judgment must be reversed and the cause remanded anyway, we merely allude to it, in order that the objection may be obviated upon another trial if deemed necessary.

The judgment is reversed and the cause remanded to be proceeded with in accordance with the views we have expressed. All concur.