[Civ. No. 2182. Third Appellate District.—April 14, 1920.]

C. L. SEARCY, Petitioner, v. THE SUPERIOR COURT OF HUMBOLDT COUNTY et al., Respondents.

[1] PLACE OF TRIAL — CHANGE — LOSS OF JURISDICTION.—When the superior court of the county in which an action is pending makes its order transferring the cause to the superior court of another county, it thereby loses, for all purposes, all jurisdiction of the action.

[2] ID.—ACTION FOR DIVORCE—CHANGE — APPEAL — POWER TO ORDER ADDITIONAL ALIMONY.—After the superior court of the county in which an action for divorce is pending makes its order transferring the cause to the superior court of another county, it has no power to order additional alimony and counsel fees, notwithstanding an appeal is taken from the order changing the place of trial.

APPLICATION for a Writ of Prohibition to restrain the Superior Court of Humboldt County and Denver Sevier,

Judge, from proceeding in a divorce action after change of venue. Writ granted.

The facts are stated in the opinion of the court.

Henry L. Ford and J. T. Fraser for Petitioner.

E. L. Webber for Respondents.

PREWETT, P. J., *pro tem.*—This is an application for a writ of prohibition to restrain respondents from proceeding further with certain orders and proposed orders in a divorce action wherein one Mary Louise Searcy is the plaintiff and above-named petitioner is defendant. Said superior court on the ninth day of January, 1920, on due proceedings had in that behalf, made and entered its final order changing the place of trial of said action from said county of Humboldt to the city and county of San Francisco. On the same day the petitioner appealed from said order and his appeal is now pending.

Notwithstanding said change of place of trial, said superior court, respondent herein, upon the usual notice and motion, proceeded to make its further order allowing to said plaintiff Mary Louise, certain sums by way of alimony for her support and also as counsel fees on appeal.

The petitioner insists that said orders are in excess of the jurisdiction of the court. Said court is about to take proceedings against petitioner looking to the enforcement of said orders.

[1] (1) When the court made its order transferring the cause to the superior court of the city and county of San Francisco it thereby lost, for all purposes, all jurisdiction of the action. (*Chase* v. *Superior Court,* 154 Cal. 789, [99 Pac. 355]; *Hatch* v. *Galvin,* 50 Cal. 441, and *People* v. *Suesser,* 142 Cal. 354, [75 Pac. 1093].) In the first of these cases the court uses the following language: "We are of the opinion that the action was transferred to Santa Clara County when the order was finally made and entered in the superior court of the city and county of San Francisco. There must be a moment of time when the court transferring the case loses jurisdiction and the court to which it is transferred acquires jurisdiction. When the court to which the

action is transferred acquires jurisdiction, the court which made the order transferring it, has no power to make any further order in the premises." In the Hatch case the court says: "The order thus entered vested the jurisdiction in the court of said Abner C. Squire, and necessarily put an end to the jurisdiction of the defendant over the case." To the same effect are the following cases from other jurisdictions: *State* v. *Lay,* 128 Mo. 609, [29 S. W. 999]; *Cunningham* v. *Current, etc.,* 165 Mo. 270, [65 S. W. 556]; and *Fatt* v. *Fatt,* 78 Wis. 633, [48 N. W. 52].

It is provided in section 399 of the Code of Civil Procedure that: "The court to which the action or proceeding is transferred has and exercises over the same the like jurisdiction as if it had been originally commenced therein."

Therefore, in the absence of an appeal, there exists no doubt that the respondents lost all jurisdiction and power of every sort in the premises.

[2] (2) It is insisted by the learned judge of the court below that, in the ordinary divorce action, the power of the court to make further allowances pending an appeal is fully recognized, and in support of this position he cites the following cases: *Reilly* v. *Reilly,* 60 Cal. 626; *Ex parte Winter,* 70 Cal. 292, [11 Pac. 630]; and *Bohnert* v. *Bohnert,* 91 Cal. 428, [27 Pac. 732]. Without quoting from these cases at length, they may be summed up as holding that the lower court, in case of an appeal, retains sufficient jurisdiction to order further payments of alimony and counsel fees. While the authorities are far from uniform in other states, this doctrine in this state is too well settled to be open to question. This principle does not, however, obtain in a case wherein the place of trial has been changed. It is not to be doubted that *some* court has or retains the power to order additional alimony and counsel fees, but not the court from which the venue has been changed.

In the ordinary case, the entire jurisdiction in case of an appeal, remains apportioned between the trial court and the appellate court. In the absence of a stay of proceedings all the powers which do not pass to the appellate court as appertaining to the disposition of the case on appeal remain with the lower court and may be exercised by it. One of these powers is the right to award additional alimony and counsel fees.

But in the case now under examination the court made its unconditional order changing the place of trial. This order, as we have seen, operated, *eo instanti,* to change the jurisdiction to the new court. There is no provision for a stay of proceedings in case of a change of place of trial. Section 949 of the Code of Civil Procedure, so far as pertinent, reads as follows: "and except, also, where the order grants or refuses to grant a change of place of trial of the action."

An interval of time ensued between the making of the order changing the place of trial and the taking of the appeal. And hereat is found the crux of the whole matter. During this interval it is manifest that the *only* court having any powers in the premises was the San Francisco court. It could during that interval have granted additional allowances and have proceeded in every way with the trial or other disposition of the case. The appeal which was subsequently taken did not reinvest the Humboldt court with any of the powers which had already passed to the new court. A part of the order complained of provides for alimony for the support of the wife. In every view of the matter the San Francisco court, by the order of transfer, acquired jurisdiction to make or modify similar orders. Such co-ordinate and co-equal jurisdiction cannot have existed at the same moment of time in each of the two courts.

The conclusion of the court is that the order of transfer vested the entire jurisdiction in the San Francisco court and that this order became operative immediately upon its entry. All subsequent proceedings in the Humboldt court are null and void.

Let a writ of prohibition issue as prayed for.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 10, 1920.

All the Justices concurred.