[Crim. No. 2447. In Bank.—March 28, 1922.]

### Ex parte HUGH H. NEWELL on Habeas Corpus.

[1] CRIMINAL LAW—VARIANCE—FILING NEW INFORMATION—TIME.— The provisions of section 1382 of the Penal Code, requiring an information charging a person with crime to be filed within thirty days after the defendant has been held to answer by the committing magistrate, does not apply to a case where an information has been filed within the thirty days and the trial had thereon, and a new information is directed by the court because of an acquittal upon the trial of the original information on the ground of variance.

[2] ID.—VARIANCE—FILING NEW INFORMATION—PRELIMINARY EXAMINATION.—Under the provisions of the Penal Code, a new preliminary examination is not necessary to authorize a new information curing a variance to be filed, when it is ordered in pursuance of section 1165 of the Penal Code.

[3] ID. — ERRONEOUS ORDER FOR NEW INFORMATION — VALIDITY OF — HABEAS CORPUS.—The erroneous holding that there is a variance does not render a new information filed by reason of the variance void; the ruling would be one in the exercise of jurisdiction, advantage of which could be taken only by presenting the former acquittal as a former adjudication in defense of the new information, and cannot be made the ground for issuing a writ of *habeas corpus.*

APPLICATION for a Writ of Habeas Corpus to procure the release of the defendant from the custody of the sheriff of Alameda County.   Writ denied.

The facts are stated in the opinion of the court.

Raine Ewell and Chas. H. Seccombe for Petitioner.

SHAW, C. J.—The petitioner, Hugh H. Newell, was tried upon an information charging him with cashing a check drawn upon a bank in which he had no funds, and he was acquitted on the ground of variance.   Thereupon the court directed the district attorney to file a new information so as to avoid the variance discovered upon the trial.   In accordance with this order a new information was filed and the petitioner was detained in custody to await trial upon the new information.   He applies for a writ of *habeas corpus* on the ground that his detention to answer the new information is illegal.

[1]   The principal point relied on is that because of the fact that the new information was filed more than thirty days after the defendant had been held to answer by the committing magistrate, the court has no power to do otherwise than dismiss the prosecution as provided in section 1382 of the Penal Code.   That section does not apply to the case. It provides that unless good cause to the contrary is shown the court must dismiss a prosecution where the defendant has been held to answer and no information is filed within thirty days thereafter.   It does not provide for a case where an information has been filed within the thirty days and a trial has been had thereon, and a new information is directed by the court because of an acquittal upon the trial of the original information on the ground of variance.   In such a case a new information is authorized by section 1165, and it is manifest that the provision of section 1382 applies

only to the information first filed where the filing is delayed more than thirty days after the commitment to answer.

Section 1165 provides that where an acquittal occurs be· cause of a variance between the pleading and proof, the court may order the defendant to be detained in custody "to the end that a new indictment or information may be preferred, in the same manner and with like effect as provided in section 1117." Section 1117·provides that when the trial of a cause is discontinued and a jury discharged because the facts alleged did not constitute an offense, and the court, nevertheless, believes from the evidence adduced or for other good reasons that a new charge can be framed which will constitute an offense, the court "may direct the district attorney to file a new information . . . and the same proceedings must be had thereon as are prescribed in section 998; provided, that after such order or submission the defendant may be examined before a magistrate, and discharged or committed by him as in other cases." Section 998 provides that where a new information is ordered the defendant shall remain in custody, or on bail, to answer the same, but that if it is not filed before the next grand jury of the county is discharged, the defendant must be discharged from custody or his bail exonerated.

[2] It is clear from these provisions that a new preliminary examination is not necessary to authorize a new information curing the variance to be filed when it is ordered in pursuance of section 1165. Doubtless, under section 1117, to which reference is made in section 1165, if the court fails or refuses to order the district attorney to file a new information that officer may, nevertheless, under section 1117, proceed to have the defendant again charged before a magistrate with the proper offense disclosed by the evidence, and may, upon his commitment, file a new information in the same manner as if no charge had previously been preferred against him, but this does not mean that such re-examination must be had in all cases. If the court orders a new information there is no necessity for another preliminary examination or commitment. The hearing already had in court upon the original information furnishes all the foundation that is necessary to authorize the filing of the new information as ordered by the court.

We are not to be understood as holding or conceding that the validity of the new information so ordered to be filed could be attacked on *habeas corpus* in any event. It would seem that the superior court having jurisdiction of the cause regularly brought before it would have jurisdiction to direct an amendment of the information, and that its action in doing so would be an exercise of its jurisdiction, erroneous but not void, and reviewable only on appeal. But upon this we need express no opinion. [3] So, also, the claim that the court, in directing the new information to be filed, erred in its holding that there was a variance renders the new information void, is without merit. That ruling would be a ruling in the exercise of its jurisdiction and advantage could be taken thereof only by presenting the former acquittal as a former adjudication in defense of the new information. It cannot be made the ground for issuing a writ of *habeas corpus*.

There being no merit in the petition in any view of the case, it is ordered that the writ be denied and that petitioner be remanded to the custody of the sheriff of Alameda County to be held for trial on said new information.

Richards, J., *pro tem.*, Shurtleff, J., Wilbur, J., Sloane, J., and Lawlor, J., concurred.