[Civ. No. 22620. First Dist., Div. One. Nov. 22, 1965.]

LLOYD CODY, Plaintiff and Appellant, v. JUSTICE COURT OF THE VACAVILLE JUDICIAL DISTRICT OF SOLANO COUNTY, Defendant and Respondent; THE PEOPLE, Real Party in Interest and Respondent.

Winters, Winters & Golla, Winters & Winters and Robert K. Winters for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., and John F. Kraetzer, Deputy Attorneys General, for Real Party in Interest and Respondent.

SULLIVAN, P. J.—This is an appeal from a judgment[1] denying a petition for a writ of mandate to compel respondent justice court to enter a dismissal of an action pending therein against appellant.

On April 14, 1964, a criminal complaint was filed in the Justice Court of the Benicia Judicial District, County of

---

[1]Although the appeal is taken from an *"Order* Denying Petition for Writ of Mandate'' (italics added) we are satisfied from an examination of the record that such denial of relief by the trial court is in fact a *"final judgment* entered in . . . [a] special proceeding'' (italics added) and therefore appealable. (Code Civ. Proc., §§ 963, 1110.) It would seem that the granting or denial of relief in mandamus proceedings is effectuated by a *judgment* rather than an *order*. (See 3 Witkin, Cal. Procedure (1954) pp. 2560-2563; 32 Cal.Jur.2d pp. 270-290.) Although respondent filed no answer or demurrer below, the matter was submitted on appellant's petition and the supporting affidavit of appellant's counsel and findings of fact might not have been necessary to support the denial of the petition, nevertheless "the entry of a judgment is necessary to make it a final decision effectual for any purpose.'' (*People* v. *Berger* (1955) 44 Cal.2d 459, 462 [282 P.2d 509].) Hereafter we refer to the order appealed from as a judgment.

Solano, charging appellant with a violation of Penal Code section 242 (battery), a misdemeanor. On that date appellant was arrested and released on his own recognizance. On April 16, 1964, appellant's counsel appeared and the cause was continued until April 28, 1964. On April 28, appellant's counsel appeared and entered a plea of not guilty on behalf of appellant, whereupon the court set the cause for trial on June 25, 1964, without objection by said counsel. On June 22, 1964, pursuant to a stipulation in open court between counsel for the parties, the trial was continued to October 13. On October 13, pursuant to a similar stipulation, the trial was continued to November 17, 1964. Defendant did not appear personally on any of the foregoing occasions.

On November 5, 1964, appellant filed a motion to dismiss and for a change of venue. The court denied the motion to dismiss but granted appellant's motion for a change of venue to the Justice Court of the Vacaville Judicial District. At the hearing of the above motion, appellant's counsel informed both the court and the district attorney that he would not request or consent to any further continuance. The judge then told both counsel that on his own motion he would take the matter off calendar for November 17, 1964. The district attorney specifically requested the court to continue the cause to a date certain for resetting for trial but the court declined to do so because it was not aware of the trial calendar of the Vacaville justice court. An attempt to reach the latter court by telephone was unsuccessful. As a result the case was neither set for trial nor continued to a specific date to be set for trial.

On December 8, 1964, a letter was sent by the Vacaville justice court to the district attorney and a copy thereof to appellant's counsel, notifying the parties that the cause had been set for trial for January 14, 1965. This notice was received by appellant's counsel on December 9 or December 10, 1964. Nothing was done by appellant until December 22, 1964, when he filed in respondent court a motion to dismiss the action on the ground that appellant had not been brought to trial within the time prescribed by Penal Code, section 1382, subdivision 3. On December 29, the motion was argued and denied. On December 31, 1964, appellant filed in the court below his petition for writ of mandate which was argued and submitted on the petition and supporting affidavit (see fn. 1, *ante*) and thereupon denied. This appeal followed.

■ The right of a defendant in a criminal case to a speedy trial is guaranteed by the Constitution of California (art. I, § 13) and declared and implemented by statute (Pen. Code, §§ 686, 1382).[2] The constitutional provision establishes a fundamental right and is self-executing (*People* v. *Godlewski* (1943) 22 Cal.2d 677, 682 [140 P.2d 381]); the provisions of section 1382 "are supplementary to and a construction of the Constitution. . . ." (*People* v. *Godlewski, supra*; *People* v. *Wilson* (1963) 60 Cal.2d 139, 145 [32 Cal.Rptr. 44, 383 P.2d 452].) However it is settled that the constitutional right to a speedy trial and the statutory requirements implementing it may be waived. (*People* v. *Tahtinen* (1958) 50 Cal.2d 127, 131 [323 P.2d 442]; *People* v. *Wilson, supra,* at p. 146; *People* v. *Weiss* (1958) 50 Cal.2d 535, 558-559 [327 P.2d 527].)

Penal Code section 1382, as in effect at the time of appellant's motion, provided in relevant part as follows: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . 3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arrested . . . ; except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter. . . ."

Appellant contends (1) that respondent court should have dismissed the action under Penal Code section 1382 because he was not brought to trial within 10 days after November 17, 1964, the last trial date to which he consented; and (2) that in any event the court should have dismissed the action under said section because he had not been brought to trial within 30 days after November 13, 1964, when his motion for change of venue was granted by the Benicia justice court.

Before we consider these points, we must dispose of respondent's counter argument that section 1382 is not applicable at all to the facts of the instant case and that appellant's right to a speedy trial must be examined only in the

[2]Article I, section 13, in relevant part provides: "In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial; . . ."

Penal Code, section 686, in relevant part provides: "In a criminal action the defendant is entitled: 1. To a speedy and public trial."

light of the pertinent constitutional provision (Cal. Const., art. I, § 13) which contains no specific time period. Appellant has made no showing, says respondent, of a denial of such constitutionally guaranteed right.

The Attorney General's argument as to the nonapplicability of the above statute is grounded on the premise that the "time provisions of Penal Code section 1382 do not apply to a given case unless specifically covered by the statute." In support of this proposition, he cites, without any discussion whatsoever, *People* v. *Murata* (1960) 55 Cal.2d 1 [9 Cal. Rptr. 601, 357 P.2d 833]; *People* v. *Marshall* (1930) 209 Cal. 540 [289 P. 629]; *In re Alpine* (1928) 203 Cal. 731 [265 P. 947, 58 A.L.R. 1500]; *Ex parte Newell* (1922) 188 Cal. 508 [206 P. 61]; *In re Rosenberg* (1937) 23 Cal.App.2d 265 [72 P.2d 559]. The point of the argument seems to be that since section 1382 prescribes no time within which a defendant must be brought to trial in instances where a change of venue has been ordered, a defendant is automatically foreclosed from relying upon the statute in such situations. However, an examination of respondent's cited cases discloses that none of them deal with a change of venue or declare the broad proposition sought to be sustained. Indeed the cited cases, unlike the case before us, do not involve the problem of bringing a defendant to trial in the first instance on a given indictment or information but deal with the nonapplicability of section 1382 to retrials after reversal on appeal under former law (*In re Alpine, supra; People* v. *Marshall, supra*) or to cases where a new information was filed (*Ex parte Newell, supra*) or a new indictment found (*In re Rosenberg, supra*), the statutory time being thereafter computed from the date of the new rather than the original accusatory pleading. *People* v. *Murata, supra,* does not seem to be in point at all and we have not been enlightened by respondent as to its pertinency herein.

However, the Attorney General's reliance upon *Alpine* and *Marshall, supra,* cases which dealt with section 1382 prior to its revision in recent years, persuades us to examine them more closely to ascertain whether they furnish any valid reason for concluding that section 1382 must specifically cover a procedural problem to be operative at all. We begin by noting that section 1382 was amended in 1951 (Stats. 1951, ch. 1674, § 140, p. 3856) to provide for dismissal in *superior* court actions where, in instances of a retrial following reversal on appeal, a defendant is not brought to trial

"within 60 days after the filing of the remittitur in the trial court" and to provide for dismissal in *inferior* court actions where in a similar situation a defendant is not brought to trial "within 30 days after the remittitur is filed in the trial court or within 30 days after the judgment on appeal becomes final, . . ." By a 1959 amendment (Stats. 1959, ch. 1693, § 3, p. 4093) section 1382 was further amended so as to make such 60-day and 30-day time periods applicable in instances of mistrial and orders granting new trial from which no appeal is taken. Thus amended, subdivisions 2 and 3 at the time of appellant's motion read in pertinent part as set forth below in the footnote.[3]

It is to be borne in mind, therefore, that *Alpine* and *Marshall*, on which the Attorney General relies, deal with section 1382 not as it presently reads but as it read before the foregoing revisions. Prior to the 1951 amendment it was held that the time periods prescribed in section 1382 did *not* apply to a retrial of an action after reversal on appeal. (*People* v. *Giesea* (1883) 63 Cal. 345, 346; *People* v. *Lundin* (1898) 120 Cal. 308, 311 [52 P. 807]; *In re Alpine, supra,* 203 Cal. 731, 734-739; *People* v. *Marshall, supra,* 209 Cal. 540, 546.) On the other hand, even prior to the above-mentioned 1959 amendment, it was held that where the first trial resulted in a mistrial, another statutory period as prescribed by section 1382 started from the determination of the mistrial. (*In re Begerow* (1901) 133 Cal. 349, 355-356 [65 P. 828, 85 Am.St. Rep. 178, 56 L.R.A. 513]; *People* v. *Chadwick* (1904) 143 Cal. 116, 120 [76 P. 884]; *People* v. *Tahtinen, supra,* 50 Cal.2d 127, 132; *In re Scott* (1927) 81 Cal.App. 577, 578 [254 P. 596]; *People* v. *Angelopoulos* (1939) 30 Cal.App.2d

---

[3]Section 1382 read in pertinent part as follows: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . 2. When a defendant is not brought to trial in a superior court within 60 days after the finding of the indictment or filing of the information or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the superior court, within 60 days after such mistrial has been declared, after entry of the order granting the new trial, or after the filing of the remittitur in the trial court; . . . 3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arrested . . . or, in case the cause is to be tried again following a mistrial, an order granting a new trial from which an appeal is not taken, or an appeal from the inferior court, within 30 days after such mistrial has been declared, after entry of the order granting the new trial, or after the remittitur is filed in the trial court or, if the new trial is to be held in the superior court, within 30 days after the judgment on appeal becomes final; . . ."

538, 542-545 [86 P.2d 873]; *People* v. *Cryder* (1949) 90 Cal. App.2d 194, 201 [202 P.2d 765]; *People* v. *Pierson* (1957) 149 Cal.App.2d 151, 159 [307 P.2d 994]; *People* v. *Jendrejk* (1957) 152 Cal.App.2d 462, 470 [313 P.2d 881]; see *Ex parte Ross* (1889) 82 Cal. 109, 110 [22 P. 1086].) In *Pierson, supra,* this court said: ''It seems to be the rule [in a superior court action] that the 60-day period is reinstated not only by a mistrial [citation], but by the filing of a new or amended pleading, whether or not a new or different charge is involved. [Citations.]'' (149 Cal.App.2d at p. 159.) Thus, in situations involving mistrials, the requirements of section 1382 were held applicable even before mistrials were ''specifically covered by the statute.''

The Attorney General's cited cases neither expressly declare, nor furnish any discernible basis for, the broad thesis that section 1382 must specifically cover a procedural situation in order to be applicable. As we have seen, under former law, while the section was held inapplicable to retrials after reversal on appeal, it was nevertheless held applicable to retrials after declaration of a mistrial. Indeed the Attorney General's argument not only overlooks this decisional background but ignores the purpose and meaning of section 1382. Under the former law, the rationale of *Alpine* in essence was this: In a reversal case, the statute had been complied with because the defendant *had* been brought to trial initially even though he had to be tried again, whereas in a mistrial case, the mistrial was equivalent to no trial. (See *In re Alpine, supra,* 203 Cal. 731, 737-738, 742-743.) As *Alpine* points out: ''Section 1382 was designed to prevent the holding of persons charged with crime in jail for an unreasonable time without the opportunity of going to trial. . . . [The statutory requirements] fixed by section 1382, *supra,* have to do with *initiating* the charge.'' (Italics added.) (Pp. 737-738.) It seems to us that in the instant case we should be concerned with effectuating the basic purpose of the statute not with frustrating it by holding to the rigid rule advanced by respondent. We conclude that the granting of a change of venue does not of itself make the statute inapplicable.

We turn to appellant's first claim that the action should have been dismissed by the Vacaville Justice Court under section 1382 because he had not been brought to trial within 10 days after November 17, 1964 ''the last date to which defendant consented,'' As previously noted, section 1382,

subdivision 3, at the time of appellant's motion provided that an action should not be dismissed "if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or *within 10 days thereafter. . . .*" (Italics added.) Appellant argues that the above statute when read in conjunction with Penal Code section 1432[4] imposed upon the Vacaville justice court the obligation of bringing appellant to trial within such 10-day period.

The argument has no merit. The action had been set for trial with appellant's consent in the *Benicia* justice court beyond the period of 30 days after his arrest, to wit for November 17, 1964. This was the trial date agreed to by defendant *in that court* and if he had not been brought to trial therein within 10 days thereafter he would have been entitled to a dismissal by the Benicia justice court, absent a showing of good cause to the contrary. However defendant moved for and secured an order changing the place of trial to the Vacaville justice court. This had the effect of nullifying the above trial date[5] and it became necessary for the Vacaville court by its own order and pursuant to its own procedures to set the action for trial anew. The 10-day provision of the statute never became operative in the Vacaville court because the action had never been set for trial in that court until the issuance of its December 8 letter setting it for trial for January 14, 1965. If as a result appellant lost the benefit of the 10-day provision and thereby was subjected to additional delay in being brought to trial, this was brought about by appellant's own act in moving for a change of venue. (See *Muller* v. *Justice's Court* (1954) 129 Cal.App.2d 570, 572 [277 P.2d 866]; *People* v. *Duffy* (1930) 110 Cal.App. 631, 634 [294 P. 496]; *People* v. *Grace* (1928) 88 Cal.App. 222, 231 [263 P. 306].)

[4]Section 1432 provides that in proceedings in justice courts: "When a change of the place of trial is ordered, the judge must transmit to the judge before whom the trial is to be had all the . . . papers in the cause . . . and upon receipt thereof, the judge to whom they are delivered must proceed with the trial in the same manner *as if the proceeding or action had been originally commenced in his court.*" (Italics added.)

[5]In the course of the proceedings in the superior court, the learned trial judge, noting that appellant's counsel had stipulated to a change of venue observed: "That must have automatically vacated the November 17th date" to which appellant's counsel replied: "Impliedly it probably did, . . ."

Moreover, we observe that appellant did not raise this point in the court below. On the contrary, from an examination of the instant record, appellant's counsel appears to have agreed with the district attorney that, upon the granting of appellant's motion for change of venue, a new 30-day period started running.[6]

We therefore reach appellant's contention that the action should have been dismissed because he was not brought to trial within 30 days after the order changing venue on November 13, 1964.

As we have observed, the parties seem to have agreed in the court below that this was the applicable time period in a change of venue situation. To the best of our knowledge, no reported California case has expressly articulated such a rule although two cases have proceeded on the assumption that upon a change of venue in respect to an action in an inferior court, a new 30-day period starts running. (*Muller* v. *Justice's Court, supra,* 129 Cal.App.2d 570, 572; *Gregory* v. *Justice Court* (1959) 168 Cal.App.2d 719 [336 P.2d 584].)

In *Muller,* the action had been set for trial for June 20, 1952, in the Justice Court of the Fourth Township, County of San Mateo. On June 19, 1952, the defendant made a motion for a change of venue which was granted on June 20, 1952, and the case ordered transferred to the Justice Court of the Third Township. In affirming the denial of a writ of mandate to compel dismissal by the latter court, Division Two of this court held that the delay thereafter ensuing because of the pendency of proceedings in prohibition instituted by defendant to prevent any trial being held "is a showing of good cause for not proceeding with the trial within 30 days after June 20, the date when the motion for change of venue was granted." (129 Cal.App.2d at p. 572.)

In *Gregory, supra,* the action was set for trial by a jury in the Justice Court of the South Sacramento Judicial District for July 18, 1957. Because of the disqualification of the trial judge, it was transferred to the Municipal Court of the City

---

[6]At one point appellant's counsel stated to the court: "'Now, it's my theory that a new thirty day period started on November 13th when the judge overruled my motion to dismiss and when we stipulated to a change of venue. It is then my argument that having indicated to the court that we would not consent to any further continuances, that a new period of time started to run the same as if this were the first arraignment of a defendant and we had a thirty day period starting to run. . . .'"

of Sacramento, in which trial was set for November 20, 1957. On the latter date, it was remanded by the municipal court to the justice court. Nothing further occurred until January 14, 1958, when the court notified counsel for the parties that the case would be placed on the February 4, 1958, calendar for the purpose of being set for trial. Pursuant to telephone conversations between the judge and counsel for both parties, but in the absence of defendant and his counsel, the court set the action for trial on March 6, 1958. The defendant made no objection until March 3, 1958, when he filed a motion to dismiss, which was denied. Subsequent denial of his petition for a writ of prohibition was reversed on appeal, the court stating: ''Since it is agreed that the remanding of the case by the Sacramento Municipal Court to the respondent court on November 20, 1957, had the effect of starting a new 30-day period for trial unless the provisions of section 1382, subdivision 3, were complied with, it follows that unless good cause to the contrary is shown compliance with the statute required that appellant's trial should have begun on or before December 20, 1957.'' (168 Cal.App.2d at p. 721.)

Although no issue seems to have been raised on the point in either case, the rule to which both *Muller* and *Gregory* gave recognition is consonant with what appears to be the uniform rule throughout the United States that, where in a criminal case a defendant's motion for change of venue is granted, the statutory time for bringing him to trial is reinstated and the delay caused by such motion cannot be charged to the prosecution. (See *People* v. *Rankins* (1960) 18 Ill.2d 260 [163 N.E.2d 814], cert. denied 363 U.S. 822 [80 S.Ct. 1265, 4 L.Ed.2d 1520]; *State* v. *Levand* (1927) 37 Wyo. 372 [262 P. 24]; *State* v. *Farrar* (1921) 206 Mo. 339 [227 S.W. 1078]; also see *Alyca* v. *State* (1926) 198 Ind. 364 [152 N.E. 801]; *People* v. *Iasello* (1951) 410 Ill. 252 [102 N.E.2d 138]; *Power* v. *State* (1934) 43 Ariz. 329 [30 P.2d 1059]; *Weer* v. *State* (1941) 219 Ind. 217 [36 N.E.2d 787].)[7]

▆ Indeed the general rule can be stated that the accused is not entitled to a dismissal for delay in bringing him to trial when such delay has been caused by proceedings

---

[7]In *State* v. *Levand, supra,* upon defendants' motion, venue in a misdemeanor case was ordered changed from Converse County to Goshen County. In applying a Wyoming statute prescribing the time for bringing a defendant to trial (before the end of the third term in which the case was pending), the court held that it would not ''consider the time consumed in this case in Converse county . . . [but] we should consider

or motions instituted by him, such as motions for a change of venue. (22A C.J.S., Criminal Law, § 471, pp. 49-50.) We therefore hold that where, as in the instant case, a defendant in a misdemeanor case in an inferior court seeks and obtains an order changing venue, a new 30-day period for bringing him to trial as specified in subdivision 3 of section 1382 starts running from the date of such order. We are satisfied that such a rule subserves the purpose and intent of the statute.

 Applying the above rule to the facts of the instant case, it is manifest, and the parties seem to have agreed, that appellant had to be brought to trial in the Vacaville justice court within 30 days of November 13, 1964.[8] However, since the thirtieth day, December 13, 1964, was a Sunday, the applicable time period was extended and it was therefore necessary for appellant to be brought to trial on or before Monday, December 14, 1964. (Code Civ. Proc., § 12a; *Hill* v. *Municipal Court* (1962) 206 Cal.App.2d 257, 260 [24 Cal. Rptr. 34].) As we have seen, respondent court, instead of setting the case for trial on or before December 14, notified counsel for the parties by letter dated December 8 that it would be set for January 14. Appellant made no objection or response to this notice but on December 22 filed a motion to dismiss. The crucial question which we face, therefore, is whether his failure to object to the court's action constituted a waiver of his right to a speedy trial. We conclude that it did.

In the leading case of *People* v. *Wilson, supra,* 60 Cal.2d 139, 146-147, the Supreme Court declared: "It is settled that 'the constitutional right to a speedy trial and the [herein-

the case as though it had been commenced in Goshen county as of the time when the change of venue to that county was completed.'' (262 P. at p. 28.) In *People* v. *Rankins, supra,* the court said: "We have repeatedly held that where a defendant . . . asks for and receives a change of venue [citation] . . . , the right to be tried within the four-months period is temporarily suspended [citations], and the statute does not apply until a new four-months period has elapsed. [Citations.]'' (163 N.E.2d at p. 816.)

[8]The record shows that the order changing venue was made in the Benicia justice court on November 13, 1964. This order operated at once to divest the Benicia court of jurisdiction to proceed further in the case and to vest jurisdiction in the Vacaville court. (*People* v. *Suesser* (1904) 142 Cal. 354, 358 [75 P. 1093]; *Chase* v. *Superior Court* (1908) 154 Cal. 789, 792-793 [99 P. 355]; *Searcy* v. *Superior Court* (1920) 47 Cal.App. 124, 125-126 [190 P. 202]; *Refrigeration Discount Corp.* v. *Superior Court* (1949) 91 Cal.App.2d 295, 296-297 [204 P.2d 932]; 1 Chadbourn, Grossman & Van Alstyne, Cal. Pleading, § 471, p. 439.)

above quoted] . . . statutory requirements may be waived.' [Citation.] A defendant's consent that his trial be set for a date beyond the limit prescribed 'is equivalent to a postponement upon his application' [citation] and hence constitutes a waiver of the right; and consent will be *presumed* if the defendant fails to take the necessary procedural steps of making timely objection to such delay and thereafter moving for dismissal. . . . The right to a speedy trial, furthermore, will be deemed waived unless the defendant *both* objects to the date set *and* thereafter files a timely motion to dismiss. Such a rule is the logical consequence of the fact that the objection and the motion to dismiss serve different purposes; and it is the rule laid down by the California decisions. To begin with, it is settled that 'When a defendant fails to *object at the time a cause is set for trial* beyond the statutory period, consent is presumed.' (Italics added.) [Citations.] The twofold purpose of this requirement is well explained in *People* v. *Lind* (1924) 68 Cal.App. 575, 579 [2] [229 P. 990] : 'First, by calling the attention of the trial court to the facts upon which the objection is founded, it may serve to procure an earlier trial of the defendant and thus earlier end his durance or encompass his conviction. Second, the objection must be made as a forerunner to a motion to dismiss, for it has been uniformly determined that on appeal an order denying the motion will be affirmed if the record does not show that the objection was made.' [Citations.]''

Appellant acknowledges the two requirements laid down in *Wilson,* indeed refers to them in his opening brief and also concedes that he made no objection to the setting of the case beyond December 14. To extricate himself from such an indefensible position he first argues that an objection was made by his counsel in the *Benicia* justice court on November 13, 1964, to any further continuances beyond November 17, which objection ''was in the record transferred to the Vacaville Justice Court . . . [and] should have indicated defendant's desire for a speedy trial and his *objection in advance* to January 14 as a trial date.'' (Italics added.) But appellant did not see fit to introduce the justice court record in the court below and on this record it cannot be determined if such objection was entered therein. In any event, appellant's theory of an ''anticipatory'' objection must fail since under the rule set forth in *Wilson* a defendant must object at the time the cause is set for trial and it is beyond dispute that no date for the trial in the *Vacaville* justice

court was set when appellant's counsel allegedly made his objection in the *Benicia* justice court.

Appellant next argues that while it can be presumed that a defendant has consented to a postponement of his trial by failure to make timely objection when either the defendant or his counsel is present in court at the time the case is set for trial, it is not reasonable to indulge in the same presumption where, as here, the case is set in the absence of both the defendant and his counsel and the latter is notified by mail. We disagree. ■ The defendant is presumed to have consented and therefore waived his right because he or his counsel has failed to object, not because either of them has been present in court. Their presence in court is merely a *circumstance* affording ready proof of their failure. Ordinarily in felony cases it happens that either the accused or his counsel is present when the crucial episode occurs[9] but, if such a case could properly be set for trial in their absence, it would still be incumbent upon them to object to a delayed trial date and the rationale of the rule would still impel a conclusion of consent from a failure to object. *Wilson* does not restrict the rule by any condition of personal presence in court.

■ On the other hand, where, as in the instant case, a defendant is charged with a misdemeanor, waiver may occur in a different milieu. It may frequently happen that the defendant is not personally present and that while he may appear through his counsel at necessary stages of the proceeding, the case may be set for trial even in his counsel's absence.[10] ■ The only requirement in connection with the setting is that "After his plea, the defendant is entitled to at least five days to prepare for trial" (Pen. Code, § 1049) but even this right may be waived. (*People* v. *Severino* (1953) 122 Cal.App.2d 172, 181 [264 P.2d 656].)

---

[9] In a felony case, a defendant is required to be personally present in court at his arraignment (Pen. Code, § 977), to personally enter his plea in open court (Pen. Code, § 1018) and to be personally present at his trial (Pen. Code, § 1043).

[10] In a misdemeanor case, a defendant is not required to be personally present at his arraignment but "may appear by counsel" (Pen. Code, § 977) or to be personally present at the time his plea is entered which "may be made . . . by his counsel" (Pen. Code, § 1429). Indeed it is conceivable that he may never attend at any stage of the case since "if he absents himself with full knowledge that a trial is to be or is being had, the trial may proceed in his absence" (Pen. Code, § 1043) and in his absence a verdict may be received (Pen. Code, § 1148) and a judgment pronounced against him (Pen. Code, § 1193, subd. 2).

In the instant case, appellant was given time for preparation for trial far in excess of the statutory minimum. He raises no issue on this point and at oral argument his counsel frankly conceded that the Vacaville court had the right to call appellant for trial "on one day's notice." Accordingly it was neither illegal nor improper in the present case for the court to set the case for trial in the absence of appellant (who had never personally appeared anyhow) and his counsel and thereafter to notify said counsel by mail. Nor is it unreasonable or illogical to presume, when no timely objection is made to a trial date thus fixed, that appellant has consented to it.

Appellant further urges that since his counsel received the notice of time of trial on December 10, 1964,[11] it would have been useless for said counsel to have objected; that any objection by letter mailed on December 10 or December 11 "would presumably have reached the court on Monday, December 14th"; that there was not sufficient time for appellant to move for an advancement of the trial; and that to assert his constitutional right to a speedy trial, appellant's counsel "would theoretically have had to call together" judge, prosecution and witnesses "without prior notice to anyone."

To support this argument appellant relies upon *Brewer* v. *Municipal Court* (1961) 193 Cal.App.2d 510 [14 Cal.Rptr. 391] and *In re Bishop* (1962) 201 Cal.App.2d 604 [20 Cal. Rptr. 186], analogizing his position herein to that of the defendants in those cases. Both *Brewer* and *Bishop* involved situations where the defendant appeared without counsel at the arraignment and entered a plea of not guilty whereupon the court, without explaining to him his rights under Penal Code section 1382,[12] set the respective cases for trial for a date beyond the 30-day period. Subsequently counsel appeared for the defendant during the 30-day period. In each case, the crucial question was whether the defendant had waived his right to a speedy trial. In *Brewer* the court held that such a waiver would not occur "in the absence of any

---

[11]Said counsel stated that he received the notice on December 9 *or* 10. We use the date more favorable to appellant.

[12]Penal Code section 1382 in relevant part provides: "If the defendant is not represented by counsel, he shall not be deemed under this section to have consented to the date for his trial unless the court has explained to him his rights under this section and the effect of his consent."

showing that counsel was advised of the fact that the court had not advised the defendant of his right to an early trial at the time the case was set for trial and after being so advised had reasonable opportunity but failed to object to the trial date." (193 Cal.App.2d at p. 516.) It concluded that the trial court had impliedly found that defendant's counsel had no reasonable opportunity to object and did not waive defendant's right by not moving to advance the case for trial on one day's notice. In *Bishop, supra,* where counsel was appointed for defendants *two days before* the 30-day period elapsed but did not learn of the court's failure to advise defendants of their rights under section 1382 until the *day before* the period elapsed, the court held that there was no waiver as a matter of law, even though counsel had failed to advise the court of its error within the 30-day period.

Appellant's argument lacks merit and is not saved by any support from the above two cases. ▮ Assuming that the pivotal question now narrows to an inquiry as to whether appellant's counsel had a "reasonable opportunity" to object, it is clear that this factual question was decided against appellant by respondent court in denying appellant's motion to dismiss and equally clear that we cannot conclude as a matter of law that there was no waiver of appellant's right to a speedy trial. Appellant had a minimum of two and one-half court days (four and one-half days in all) in which to voice an objection as opposed to only *one* day in *Bishop, supra.* We think that appellant's counsel could have and should have taken immediate steps on Thursday, December 10, 1964, to notify respondent court that it had set the trial beyond the permissible period and to object to the court's action. We reject appellant's theory that the only available avenue of communication was by letter with its attendant delay. The matter was an urgent one and appellant was charged with a criminal offense, albeit a misdemeanor. We see no reason why appellant's counsel could not have communicated forthwith with the court by telephone or, if it was necessary, forthwith appeared before the judge on Thursday, insisting in either method of communication that the matter be called to trial on Monday, December 14. Such an objection might well have served " 'to procure an earlier trial.' " (*People* v. *Wilson, supra,* 60 Cal.2d 139, 147.) ▮ We do not lose sight of the duty imposed on the state to set the case for trial and expedite all its proceedings (Pen. Code, §§ 686, 1050; *In re Bishop, supra,* 201 Cal.App.2d 604, 610) but this

does not eradicate the duty imposed on defendant to take affirmative action by making his objection known or demanding an earlier trial. (*In re Bishop, supra,* 201 Cal.App.2d 604, 611.) While we should not be understood as approving the setting of a case for trial beyond the statutory period, still, in fairness to respondent court, we point out that its trial date may have been justified by the condition of its calendar and that a timely objection by appellant might well have disclosed "good cause to the contrary." (Pen. Code, § 1382.)

Appellant's argument that any objection by him would have been useless appears unrealistic when assessed in the light of present day methods of communication and travel and appraised by the great diligence and sense of responsibility which must guide counsel in criminal cases. It also shatters on the inescapable fact that the question as to whether an objection would be useless or not, as well as the broader question as to whether there was a waiver, were matters "peculiarly within the knowledge of the judge of the respondent court" who determined these questions of fact adversely to appellant. (*Brewer* v. *Municipal Court, supra,* 193 Cal. App.2d 510, 516-517.)

The judgment is affirmed.

Molinari, J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 19, 1966. Peters, J., was of the opinion that the petition should be granted.