[Civ. No. 35539. First Dist., Div. Three. Feb. 6, 1975.]

ALFRED ELZEY SIMPSON, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE
SAN JOSE-MILPITAS JUDICIAL DISTRICT
OF SANTA CLARA COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

**COUNSEL**

Mancuso & Mancuso and P. John Mancuso for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart and Todd C. Hedin, Deputy Attorneys General, for Defendant and Respondent and for Real Party in Interest and Respondent.

**OPINION**

**BROWN (H. C.), J.**—Appellant was originally arraigned in the Morgan Hill Justice Court for violation of sections 23102, 22350 and 12951 of the Vehicle Code. On February 22, 1974, his motion for a change of venue to the San Jose Municipal Court was granted and he was arraigned in the latter forum on March 26, 1974.

On April 8, 1974, a pretrial hearing was held and trial was set for April 15, 1974. The following day appellant filed notice of a motion to dismiss

the action pursuant to subdivision 3 of section 1382 of the Penal Code. The motion was denied. Appellant then challenged the order of denial by filing a petition for a writ of mandate, contending under *Cody* v. *Justice Court* (1965) 238 Cal.App.2d 275 [47 Cal.Rptr. 716] that he had not been brought to trial within the 45-day period specified in subdivision 3 of section 1382 of the Penal Code, which period had commenced to run anew on February 22, 1974 (the date that the motion for change of venue had been granted). The petition was denied and this appeal followed.

In *Cody* v. *Justice Court, supra,* the defendant was arrested and charged on April 14, 1964. Trial was set for June 25, 1964, and was ultimately continued to November 17, 1964, by stipulation of the parties. On November 5 the defendant filed a motion to dismiss the action and a motion to change venue, with the latter being granted. Trial was set in the second forum for January 14, 1965. On December 22, 1964, the defendant again moved to dismiss the action on the ground that he had not been brought to trial within the time specified in subdivision 3 of section 1382. This motion and a subsequent petition for a writ of mandate were denied. At that time, subdivision 3 of section 1382 provided that a defendant in a misdemeanor case in an inferior court must be brought to trial within 30 days after his arrest. Although the case was ultimately decided on the issue of waiver, in reaching this issue the court held that when a motion for change of venue was granted the 30-day period began to run anew in the second forum as of the date that the order changing venue was granted. The court adopted the uniform rule followed in other jurisdictions that where a defendant's motion for change of venue is granted, the statutory time for bringing him to trial is reinstated and the delay caused by such motion cannot be charged to the prosecution.

Since the *Cody* decision, subdivision 3 of section 1382 has been revised several times in an effort to eliminate difficulties arising from application of its terminology. (See *In re Smiley* (1967) 66 Cal.2d 606, 628-629 [58 Cal.Rptr. 579, 427 P.2d 179].) The statute now provides that a defendant in a misdemeanor case in an inferior court who is not in custody must be brought to trial within 45 days after his *arraignment.* Under the statute as it now reads, the 45-day period does not commence to run until the case can be set for trial, and this cannot occur before the defendant enters a plea during proceedings on arraignment. (*People* v. *Terry* (1970) 14 Cal.App.3d Supp. 1, 4 [92 Cal.Rptr. 479].) Consistency of reasoning would compel application of a 45-day period when the case has been transferred to a new forum. We conclude therefore that when a

defendant in a misdemeanor case in an inferior court is not in custody and an order changing venue is granted, a new 45-day period under subdivision 3 of section 1382 now begins to run from the date that the defendant is arraigned in the second forum. In so doing, we perpetuate the reasoning of *Cody* that delay caused by a defendant's motion to change venue should not be charged to the prosecution, but we apply, as we must, the current terminology of the statute.

In the present case, appellant was arraigned in the San Jose Municipal Court on March 26, 1974, and the 45-day period of subdivision 3 of section 1382 expired May 10, 1974. The trial date of April 15, 1974, was therefore timely, and the court did not err in denying appellant's petition.

Judgment affirmed.

Draper, P. J., and Scott, J., concurred.