Opinion
VASEY, J.
The sole question presented is whether the motion of defendant to dismiss because defendant was not given a speedy trial as defined in Penal Code section 1382 was properly denied.
From the transcript of the docket, it appears that a complaint was filed April 6, 1970, charging defendant with a violation of Vehicle Code section 2,3102, subdivision (a). The entry of June 19 recites that defendant was “duly arraigned” and “informed of all his constitutional rights and complaint is read to him.” The case was continued to July 3, but at whose request or for what reason does not appear.
*Supp. 3 On June 29, defendant appeared in pro. per. and entered a plea of not guilty. Jury trial was set for August 7. Defendant waived time. On August 7, defendant appeared with counsel and presented a motion for dismissal on the ground defendant had not been advised of his right to a dismissal if not brought to trial within 45 days (defendant was on bail). This motion was denied.
Penal Code section 1382 requires misdemeanor trial within 30 days after arraignment for a defendant in custody and within 45 days after arraignment for one not in custody. It also provides that if a defendant is not represented by counsel, he shall not be deemed to have consented to the date for his trial “unless the court has explained to him his rights under this section and the effect of his consent.”
As August 7 was more than 45 days after June 19 but less than 45 days after June 29, we are confronted with the question of what constitutes an arraignment. Is the arraignment complete when the complaint is read to the defendant or when he has entered his plea?
It is our opinion that the arraignment is not complete until the plea has been entered and that the motion to dismiss was properly denied.
Before reaching this principal question, we state that we do not believe the record here shows a consent. Clearly, such cases as People v. Wilson (1963) 60 Cal.2d 139 [32 Cal.Rptr. 44, 383 P.2d 452] are not applicable as they do not involve the special provision of section 1382 relating to defendants not represented by counsel. The question here is limited to that stated.
It should be noted that great care should be given any question of dismissal in misdemeanor cases because, unlike felony cases, a dismissal of a misdemeanor is final and precludes a refiling by the People. Penal Code section 1387.
Section 988 Penal Code provides that the arraignment “consists in reading the accusatory pleading to the defendant . . . and asking him whether he pleads guilty or not guilty to the accusatory pleading. . . .”
If we are to apply this language exactly, it might be noted that the docket does not show that defendant was, on June 19, asked whether he pleads guilty or not guilty, only that the complaint was read to him. Hence, the arraignment was not completed on that day regardless of whether a plea is necessary to complete an arraignment.
*Supp. 4 Furthermore, it is our opinion that the arraignment includes the plea and is not completed until the plea is entered. We cannot ascribe to the Legislature an intent to outline an idle act. It would be idle to consider that the arraignment is completed by asking the unanswered question: How do you plead? The complete arraignment should include the answer and not stop with the question. This is necessarily implied by Penal Code section 990 providing that “on the arraignment” at the request of defendant “he must be allowed a reasonable time to answer.” When the court grants the defendant time to plead, it extends completion of the arraignment. If the defendant refuses to plead when asked to, the court may enter a not guilty plea on his behalf.
Any other interpretation would lead to the absurd conclusion that the time begins to run before the case can be set for trial. Clearly, the case cannot be set for trial before it is at issue, and it is not at issue before plea. (Pen. Code, § § 1041, 1042.) Inasmuch as Penal Code section 990 allows a maximum of 7 days to plead, a practical result of defendant’s contention would be to reduce the 30- and 45-day periods to 23 and 38 days after it is possible for the court to set the trial date.
This view of what is included within the word “arraignment” is consistent with the definition of the term found in many authorities.
Under statutes reading much like ours, the Montana Supreme Court holds arraignment not complete until plea is given. A trial had without this completion of arraignment is void. (State v. De Wolfe (1904) 29 Mont. 415 [74 P. 1084.])
Quoting from Black’s Law Dictionary, the Supreme Court of Arizona has held that arraignment includes the entry of the plea. (State v. Coursey (1950) 71 Ariz. 227 [225 P.2d 713, 717].)
Arraignment includes “an opportunity to plead.” (State v. Sexton (1968) 78 N.M. 694 [437 P.2d 155].)
The object of arraignment is to secure the plea of defendant. Hence, if plea is entered without demand, arraignment is complete. (United States v. McKnight (W.D. Ky. 1902) 112 F. 982.)
Arraignment includes entry of plea. (Yodock v. United States (D. Pa. 1951) 97 F.Supp. 307, 310; Caldwell v. United States (8th Cir. 1947) 160 F.2d 371, 372.)
*Supp. 5 As the arraignment is not complete until the plea is entered, the trial date here was within the required 45 days and the request for dismissal was properly denied.
The order denying motion to dismiss is affirmed.
Whyte, P. J., and Smith, J.,* concurred.

Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.