[Civ. No. 45837. Second Dist., Div. Four. Aug. 26, 1975.]

BARBARA JEAN CHARTUCK, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE WHITTIER JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

**COUNSEL**

Joseph P. Busch, District Attorney, Harry B. Sondheim and Barry R. Levy, Deputy District Attorneys, for Real Party in Interest and Appellant.

No appearance for Defendant and Respondent.

Gordon J. Rose and Richard M. Hoffman for Plaintiff and Respondent.

**OPINION**

**KINGSLEY, J.**—This is an appeal by the People from a judgment granting a peremptory writ of prohibition, terminating proceedings on a misdemeanor charge in respondent court. For the reasons hereinafter set forth, we affirm the judgment.

The facts are not in dispute and we set them forth as they were found by the trial court:

"1. Petitioner, BARBARA JEAN CHARTUCK, is the defendant in that certain action entitled People of the State of California, Plaintiff, versus Barbara Jean Chartuck, Defendant, Number M 94815, now pending before the respondent Municipal Court of the Whittier Judicial District.

"2. On May 14, 1974, a misdemeanor complaint, Number M94815, entitled The People of the State of California, Plaintiff, versus Barbara Jean Chartuck, Defendant, was filed in the Municipal Court of the Whittier Judicial District, charging petitioner with a violation of section 647(b) of the Penal Code of the State of California and violations of sections 11357, 11377 and 11550 of the Health and Safety Code of the State of California.

"3. On May 14, 1974, petitioner appeared, while in custody, and was arraigned on the aforementioned charges. At the time of the arraign-

ment, petitioner appeared without counsel and requested the services of the Public Defender. Said request was deferred and the matter was continued for plea to May 21, 1974. On May 16, 1974, the request for the Public Defender was denied ex parte without prejudice and on May 17, 1974, petitioner posted the required bail and was released from custody.

"4. On May 21, 1974, petitioner appeared in the Municipal Court of the Whittier Judicial District without counsel and again requested the services of the Public Defender prior to entering a plea. The court entered a plea of not guilty on behalf of petitioner as to all counts, appointed the Public Defender to represent her and set the matter for pretrial hearing on June 25, 1974. At no time did petitioner waive her rights under § 1382 of the Penal Code of the State of California and at no time was the effect of consent to a trial date explained to petitioner.

"5. On June 25, 1974, petitioner appeared in Division 6 of the Municipal Court of the Whittier Judicial District with retained counsel, Richard M. Hoffman, and the Public Defender was relieved. On June 25, 1974, counsel for petitioner moved for the dismissal of all charges pursuant to § 1382 of the Penal Code. The court continued the matter for hearing on the aforementioned motion to July 1, 1974, at 1:30 p.m. in Division 5 of the Municipal Court of the Whittier Judicial District.

"6. On July 1, 1974, petitioner appeared in Division 5 of the Municipal Court of the Whittier Judicial District with counsel, whereupon testimony was received, arguments were heard, and the motion to dismiss was overruled. The matter was set for jury trial on August 14, 1974 in Division 4 of the Municipal Court of the Whittier Judicial District."

■ On these facts, the sole issue before us is whether petitioner was "arraigned," within the meaning of section 1382 of the Penal Code, when she appeared in court on May 14, 1974, or not until a plea was entered for her on May 21, 1974. We conclude that she was "arraigned," within the meaning of section 1382, on the earlier date. It follows that, since she had not consented to a trial date later than June 14, 1974,[1] her motion to dismiss should have been granted and the peremptory writ properly was issued by the superior court.

---

[1] On May 14th, defendant was without counsel and the municipal court docket does not show that the court, although it advised her of her right to trial within 30 days, also advised her, as is required by the final paragraph of section 1382, "of the effect of" any consent to a postponed trial date. It follows that her silence in accepting the continuance to May 21st was not a consent to the continuance.

Section 1382 of the Penal Code reads (in pertinent part) as follows:

"The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

". . . . . . . . . . . . . . . . . . .

"3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment. . . ."

Only two California cases have discussed the problem now before us. In *People* v. *Terry* (1970) 14 Cal.App.3d Supp. 1 [92 Cal.Rptr. 479], the Appellate Department of the Los Angeles Superior Court held that an arraignment was not complete, and the time limitations of section 1382 did not begin to run, until a plea was entered. In *Hankla* v. *Municipal Court* (1972) 26 Cal.App.3d 342, 362, fn. 6 [102 Cal.Rptr. 896], Division One of the First District said, in dicta, that the arraignment was complete and the time began to run, when the defendant appeared, was advised of the charges and asked to plead, whether or not a plea was then entered.

Originally, the time limitations in section 1382 relating to misdemeanor cases began to run with filing of the complaint (Stats. 1931, ch. 1170, p. 2478); in 1935, that date was changed to read "is arrested and brought within the jurisdiction of the court" (Stats. 1935, ch. 415, p. 1467); in 1965, the date was again changed to the present "arraigned." The reasons for those changes were set forth by the Supreme Court, in *In re Smiley* (1967) 66 Cal.2d 606, 628-629 [58 Cal.Rptr. 579, 427 P. 2d 179], as follows: "The history of section 1382, subdivision 3, suggests that the Legislature has had difficulty in drafting a workable definition of the date from which the 30-day period begins to run. As originally enacted in 1931, the statute declared that the period began with 'the filing of the complaint.' 'This provision, although having its virtue for definiteness and certainty, was obviously impractical in cases where a complaint was filed first and a period of time elapsed before the defendant was arrested.' (*Burns* v. *Municipal Court* (1961) 195 Cal.App.2d 596, 598-599 [16 Cal.Rptr. 64].) In 1935, accordingly, the statute was amended to make the period begin when 'the defendant is arrested and brought within the jurisdiction of the court.' That formulation, however, proved unsatisfactory because of its vagueness, giving rise to a variety of appellate interpretations of its meaning. (*Burns* v. *Municipal Court, supra;* compare

the majority and concurring opinions in *Brewer* v. *Municipal Court* (1961) 193 Cal.App.2d 510, 517 [14 Cal.Rptr. 391]; see also 35 Ops.Cal. Atty.Gen. 196.) In 1961 the statute was therefore amended to read as quoted hereinabove, i.e., 'Regardless of when the complaint is filed' the defendant must be brought to trial within 30 days 'after he is arrested.' But that wording was not adequate to cover cases such as the one before us, in which the defendant was already in custody on a prior charge, nor did it meet the difficulties posed when the arrest took place outside the jurisdictional territory of the court (see *Burns* v. *Municipal Court* (1961) *supra,* 195 Cal.App.2d at pp. 601-602). In 1965 the statute was again amended, and now provides that the 30-day period runs from the date of arraignment rather than the date of arrest." We think it clear that the Legislature, in making the successive changes intended only to set an easily determined date and not to extend unnecessarily the trial date.[2] Where, as here, the order extending the time for plea was solely by act of the court, the reading argued for by the People would permit a trial court to extend the time for trial, without the consent of a defendant, well beyond the legislatively fixed time.

The language of other applicable sections of the Penal Code, and the procedure therein prescribed, lends support to petitioner's contention. Thus section 988 of the Penal Code defines "arraignment" as follows: "The arraignment must be made by the court, or by the clerk or prosecuting attorney under its direction, and consists in reading the accusatory pleading to the defendant and delivering to him a true copy thereof, and of the endorsements thereon, if any, including the list of witnesses, and asking him whether he pleads guilty to the accusatory pleading; . . ." Noticeably, that section does not include the entry of a plea as an element of an arraignment.

In section 990, the Penal Code provides that "If *on the arraignment,* the defendant requires it, he must be allowed a reasonable time to answer . . ." (italics added) and section 1003 of the Penal Code provides "[b]oth the demurrer and plea must be put in, in open Court, either *at the time of the arraignment* or at such other time as may be allowed to the defendant for that purpose." (Italics added.) ▪ The only fair implication to be drawn from those sections is that the arraignment is complete when the court "asks him [the defendant] whether he pleads

---

[2]The problems envisaged by the appellate department in *Terry,* also arose, with even greater effect, under the earlier language of section 1382. Clearly, when time ran from the filing of a complaint, or from arrest, the actual trial setting date would have been less than 30 (or 45) days before the trial began.

guilty or not guilty" and that the entry of the plea is a separate act, not a part of the arraignment, although it may (or may not) follow at the same session of court.

We need not decide, in this case, whether a defendant who, represented by counsel or properly advised in accordance with the last paragraph of section 1382, expressly exercises his right under section 990 for time to plead thereby "impliedly" agrees to an extension of the time limitations of section 1382. The extension of time to plead herein involved, as we have pointed out above, was not at the request of defendant under section 990 but solely by unilateral act of the trial court.

The judgment is affirmed.

Files, P. J., and Jefferson, J.,* concurred.

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.