[Civ. No. 48696. Second Dist., Div. Five. Apr. 28, 1977.]

ARTHUR VALDES, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY,
Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

## Counsel

Marshall M. Schulman and Schulman & Brodie for Plaintiff and Appellant.

John H. Larson, County Counsel, and Jeffrey M. Hausman, Deputy County Counsel, for Defendant and Respondent.

Burt Pines, City Attorney, Ward G. McConnell and James M. Hodges, Deputy City Attorneys, for Real Party in Interest and Respondent.

## Opinion

**HASTINGS, J.**—Arthur Valdes (appellant) appeals from a judgment of the superior court denying a petition for writ of mandate directing

respondent, municipal court to set aside its order denying his motion to dismiss a criminal misdemeanor complaint against him. Appellant contends that he has been denied a speedy trial pursuant to Penal Code section 1382, subdivision 3.

## FACTS

On September 15, 1975, a criminal misdemeanor complaint was filed in municipal court (respondent), against appellant charging him with violation of sections 23102, subdivision (a) (drunk driving) and 12951, subdivision (a) (driving without license) of the Vehicle Code.

On September 19, 1975, appellant made his first appearance in the lower court where he was informed of the charges against him. The court noted that since appellant had had a previous conviction of "drunk driving," a plea of guilty, or conviction would result in a mandatory 48-hour jail sentence. The court then suggested to appellant that it would be to his advantage to obtain an attorney and asked him if he wished time to do so. Appellant stated that he did. The case was then "continued for plea." Appellant was not asked to enter a plea nor was he informed of his right to be tried within 45 days of arraignment pursuant to Penal Code section 1382, subdivision 3.[1] Respondent's docket states the cause was "continued for arraignment and plea, time being waived."

On September 26, 1975, appellant appeared in the municipal court without an attorney. Because appellant indicated that he wished to be represented by counsel, the court stated that before the matter would be

---

[1]Penal Code section 1382, provides in relevant part:
"The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:
". . . . . .
"3. Regardless of when the complaint is filed, when a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment . . . except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter. . . . If the defendant is not represented by counsel, he shall not be deemed under this section to have consented to the date for his trial unless the court has explained to him his rights under this section and the effect of his consent."
Since appellant was not in custody at the time of arraignment, the 45-day limit applies.

considered by the court, appellant should have his attorney indicate (by telephone) to the clerk of the court that he was, in fact, appellant's attorney of record. Appellant contacted Marshall Schulman, an attorney, who then made "a special appearance" on behalf of appellant.

Mr. Schulman refused to be entered as appellant's attorney of record, and the court refused to set a trial date and continued the matter for "two weeks for arraignment." The court then asked if time was "waived to that date [October 10]." Appellant stated that it was. Although appellant was informed of his right to be tried within 45 days from the date of entry of plea, he was not informed of his right to a dismissal if that right should be violated. The docket again states that the cause was "continued for arraignment, time being waived."

On October 10, 1975, defendant appeared through his attorney.[2] The following dialogue took place:

"THE COURT: Arthur Valdes or Valdes. Mr. Brodie?

"MR. BRODIE: Yes, your Honor. I am appearing for Mr. Valdes at this point in the proceedings. I ask that the matter be set for jury trial within the statutory time.

"THE COURT: Is November 13th acceptable?

"MR. BRODIE: Yes, your Honor. That is within the statutory time waiver?

"THE COURT: Yes, it is, November 13th."

The court's docket for October 10, 1975, states that appellant entered a plea of not guilty.

On November 13, 1975, the date set for trial, the appellant moved to dismiss the charges pursuant to Penal Code section 1382, subdivision 3. That motion was denied December 2, 1975, by respondent. At that time the court made findings of fact which can be summarized as: (1) appellant was arraigned September 19, 1975, based upon *Chartuck v. Municipal Court* (1975) 50 Cal.App.3d 931 [123 Cal.Rptr. 816]; (2) appellant did not waive Penal Code section 1382, subdivision 3 time on

---

[2]The attorney was a Mr. Brodie, an associate of Marshall Schulman.

September 19 or 26; (3) Mr. Brodie, appellant's attorney, acted in good faith but failed to carry appellant's burden of objecting to a date set by the court beyond the statutory time; (4) the failure to object constituted a waiver of appellant's right to dismiss for lack of a speedy trial.

On December 15, 1975, appellant filed a petition for writ of mandate in superior court to set aside the order denying his motion to dismiss. The petition was denied.

Appellant argues that by asking for a trial date within the statutory limit on October 10, Mr. Brodie objected to any date beyond that limit, thereby preserving appellant's right to dismissal for violation of his statutory right to a speedy trial. As an additional argument appellant asserts that Mr. Brodie cannot be held to have waived appellant's right to a speedy trial because that right is personal to a defendant.

■ Real party in interest argues that since appellant was not asked to plead until October 10, 1975, his arraignment was not complete until that date; therefore the November 13th trial date was well within the statutory time. We agree.

In *Chartuck, supra,* the court held that arraignment is complete when "the court 'asks him [the defendant] whether he pleads guilty or not guilty' and that entry of the plea is a separate act, not a part of the arraignment . . . ." (*Id.,* at pp. 936-937.)[3]

The record of the proceedings on September 19, 1975, contains the following statements:

"THE COURT: You are charged with driving under the influence. It is alleged you were previously convicted in 1973 of drunk driving. The effect of the prior is, if you are found guilty, or if you plead guilty, you will have to do 48 hours in jail, mandatory under the law on a second offense.

---

[3]Two cases have held contrary to *Chartuck*: *Simpson* v. *Municipal Court* (1975) 45 Cal.App.3d 112 [119 Cal.Rptr. 184]; and *People* v. *Terry* (1970) 14 Cal.App.3d Supp. 1 [92 Cal.Rptr. 479]. *Simpson* and *Terry* say arraignment is not complete until a plea is entered. Since under either holding the appellant was not arraigned until October 10, 1975, this dichotomy is of no interest here.

"It is to your advantage to obtain an attorney. Do you want some time to do so?

"THE DEFENDANT: Yes, your Honor.

". . . . . . . . . . . . . . . . . . .

"THE COURT: Well, this matter will be continued for plea."

Although appellant was arguably advised of the charges against him, at no time was he asked to plead to the charge. Under *Chartuck, supra,* appellant was not arraigned on September 19, 1975.

On September 26, 1975, when appellant appeared without an attorney the court asked him to telephone one since he indicated he wished to be represented by counsel. When the attorney, Marshall Schulman, did appear he refused to be entered as the attorney of record, but the court would not allow appellant to enter a plea. After some discussion involving a "time waiver," the court made the following order.

"THE COURT: . . . . It is my understanding, Mr. Valdez [*sic*], that you wish the matter put over to October 10th at 8:30 in the morning for arraignment and plea, is that right?

"THE DEFENDANT: Yes, sir."

Defendant was not asked by the court to plead because defendant agreed he would either have an attorney on October 10, or would act in propria persona.

From the record, it appears that arraignment occurred on October 10, 1975. There is no evidence under the criteria supplied by *Chartuck, supra,* or *Simpson, supra,* that the arraignment occurred before October 10, 1975.

Since the statutory time provided by Penal Code section 1382, subdivision 3 did not start to run until October 10, the date set for trial, November 13, falls within the 45-day limit. Appellant's petition for

mandate was thus properly denied by the superior court.[4] This conclusion makes discussion of the other issues unnecessary.

The judgment denying the writ of mandate is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.

A petition for a rehearing was denied May 27, 1977, and appellant's petition for a hearing by the Supreme Court was denied June 23, 1977.

---

[4]Although the superior court may have denied appellant's petition for different reasons, "No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason." (*Davey* v. *Southern Pacific Co.* (1897) 166 Cal. 325, 329 [48 P. 117].)