Opinion
SAETA, J.
Defendant was charged in a complaint filed June 26, 1979, with violating Penal Code section 12020, subdivision (a). The docket[1] entry of July 6, 1979 recites: “Defendant duly arraigned. Gives true name as charged. Complaint read and defendant advised of the nature of the charges, and advised of the following [constitutional rights]... continued to August 2, 1979 at 8:30 a.m., for plea. Copy of complaint and report to defendant.” On August 2, the cause was called and continued for plea on defendant’s motion to October 1, 1979. On *Supp. 20 October 1, defendant pleaded not guilty and the matter was set for a pretrial hearing on November 8, 1979, “and a 1538.5 Penal Code motion.”
On November 1, 1979, defendant filed his “Notice of Motion to Suppress.” The motion was dated October 31, 1979. The hearing date for the motion was continued several times. The motion was heard and denied on February 25, 1980. Defendant filed his notice of appeal March 10, 1980.
The issue we face in this case is whether defendant may have a pretrial appeal from the denial of his motion to suppress under Penal Code[2] section 1538.5, subdivision (j). We hold that his motion was not timely made and therefore, under the provisions of section 1510, the appeal must be dismissed.
Section 1510 reads as follows: “The denial of a motion made pursuant to Section 995 or 1538.5 may be reviewed prior to trial only if the motion was made by the defendant in the trial court not later than 45 days following defendant’s arraignment on the complaint if a misdemeanor, or 60 days following defendant’s arraignment on the information or indictment if a felony, unless within these time limits the defendant was unaware of the issue or had no opportunity to raise the issue.” Defendant has made no assertion that he was unaware of the search and seizure issue advanced in his suppression motion or that he had no opportunity to raise that issue earlier than he did. Thus the exceptions provided in section 1510 do not apply to the facts of this case. The issue is when did the “45 days following defendant’s arraignment” begin to run and did more than 45 days expire before defendant made his motion. Taking the latter matter first, we assume, for the purposes of this decision, that the earliest the defendant’s motion was made was October 1, 1979, when the docket notation of a potential section 1538.5 motion was made.[3] If defendant was arraigned, for section 1510 purposes, on July 6, 1979, 86 days elapsed before October 1. If, however, the time for making a section 1538.5 motion began to run from the date of entry of the plea, here October 1, 1979, less than 45 days had run at the time of noticing the motion (Oct. 1) or filing the motion (Nov. 1).
*Supp. 21 No cases have been decided construing the word “arraignment” in section 1510. Section 988 establishes the elements of an arraignment as follows: “The arraignment... consists in reading the accusatory pleading to the defendant and delivering to him a true copy thereof.. .and asking him whether he pleads guilty or not guilty.... ” The docket entry of July 6 states that defendant was “duly arraigned” and that the complaint was read and a copy was given to defendant. According to Webster’s Third New International Dictionary, “duly” is synonymous with “proper, regular, sufficient.” In the absence of any other record, we hold that the defendant was asked how he pleaded on July 6, along with all the other elements of a proper arraignment. Thus the arraignment was complete on July 6 and the matter was continued for the next stage of the proceedings, entry of a demurrer or plea pursuant to section 1002 et seq.
The elements of an arraignment have been considered in the speedy trial context in cases construing section 1382. Those cases are somewhat in conflict as to whether the defendant needs to announce his plea before the arraignment is complete. Chartuck v. Municipal Court (1975) 50 Cal.App.3d 931 [123 Cal.Rptr. 816] holds that the arraignment is completed when defendant is asked for the plea, not when the plea is entered. People v. Terry (1970) 14 Cal.App.3d Supp. 1 [92 Cal.Rptr. 479] holds to the contrary. Chartuck considered Terry (an appellate department decision) and declined to follow it. We are bound by Chartuck. (Auto Equity Sales Inc. v. Superior Court (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].) A Court of Appeal decision, Simpson v. Municipal Court (1975) 45 Cal.App.3d 112 [119 Cal.Rptr. 184] cites People v. Terry, supra, 14 Cal.App.3d Supp. 1, but the point involved in our case is dicta in Simpson. At issue there was whether the time the case must be brought for trial began anew after transfer of a case to a different venue. That decision did not depend on when defendant was arraigned.[4]
We can discern no reason to treat the elements of arraignment in section 1510 applications differently from section 1382 applications. The *Supp. 22 plain meaning of section 988 is that the arraignment stage is terminated when the defendant is asked whether he pleads guilty or not guilty. Defendant’s arraignment was completed on July 6, 1979. His motion was made too late to entitle him to a pretrial appeal. However, our decision does not foreclose defendant, if he should be convicted, from asserting that his rights against unlawful search and seizure were violated, on an appeal from a judgment.
The appeal is dismissed as untimely made. The order to show cause is discharged.
Ibáñez, P. J., and Fainer, J., concurred.

 A court reporter was present at each of the court proceedings referred to in this opinion. At the hearing of the order to show cause on May 22, 1980, we invited defendant to furnish us with transcripts of those proceedings but none have been supplied. Our opinion is based on the docket as the only available record.

 All further section references are to sections of the Penal Code.

 This assumption runs in defendant’s favor. Under Smith v. Superior Court (1978) 76 Cal.App.3d 731, 734 [143 Cal.Rptr. 109], the motion could be considered first made on November 1, 1979, when it was filed in the court.

 Two other cases discuss the issue of arraignment completion for section 1382 purposes. Valdes v. Municipal Court (1977) 69 Cal.App.3d 434 [138 Cal.Rptr. 50] noted the conflict in the cases but did not decide the issue as the record before that court showed defendant was never asked to plead and the matter had been continued for both arraignment and plea. Hankla v. Municipal Court (1972) 26 Cal.App.3d 342, 362, footnote 6 [102 Cal.Rptr. 896], sides with the Chartuck view, but in dicta. (Chartuck v. Municipal Court, supra, 50 Cal.App.3d, at p. 935.)