[No. B040471. Second Dist., Div. Three. June 20, 1989.]

THE PEOPLE, Plaintiff and Appellant, v.
JULIE MARIE BACA, Defendant and Respondent.

COUNSEL

Ira Reiner, District Attorney, Donald J. Kaplan and Patrick D. Moran, Deputy District Attorneys, for Plaintiff and Appellant.

James M. Hodges for Defendant and Respondent.

## OPINION

**KLEIN, P. J.**—Plaintiff and appellant The People of the State of California (the People) appeal the dismissal of a misdemeanor complaint which alleged defendant and respondent Julie Masie Baca (Baca) had driven a vehicle while under the influence of alcohol or drugs and had driven a vehicle with .10 percent, or more, of alcohol in her blood. (Veh. Code, § 23152, subdivisions (a), (b).) The complaint further alleged Baca had driven with a blood alcohol content in excess of .20 percent within the meaning of Vehicle Code section 23206.1 and had suffered two prior convictions of driving under the influence within the preceding seven years.

■ The trial court properly granted Baca's motion to dismiss on speedy trial grounds because, absent a time waiver, a misdemeanor defendant who is in custody at arraignment must be tried within 30 days of arraignment or entry of plea, whichever event occurs later.

### FACTUAL BACKGROUND

On March 1, 1988, Baca appeared in custody before the Municipal Court for the Citrus Judicial District for arraignment on the instant driving under the influence charge. Baca requested and received a continuance to the

following day for entry of plea. The trial court set bail in the amount of $500.

On March 2, 1988, Baca, now released on bail, returned to court and requested another continuance to March 10, 1988, for entry of plea.

On March 10, 1988, Baca appeared through counsel, entered a plea of not guilty and set the matter for jury trial on April 5, 1988. On that date, both sides announced ready for trial but the case trailed over the People's objection.

On April 12, 1988, 33 days after Baca entered a plea, the trial court granted Baca's motion to dismiss the complaint based on the People's failure to provide a speedy trial pursuant to Penal Code section 1382 (section 1382).

The Appellate Department of the Los Angeles Superior Court affirmed the order of dismissal in an opinion certified for publication on February 14, 1989.

This court ordered the matter transferred for hearing and decision. (Cal. Rules of Court, rule 62(a).)

## CONTENTIONS

The People contend section 1382, as amended by the Legislature in 1987, should be interpreted to allow 45 days for the trial of a misdemeanor defendant who was in custody at the time of arraignment but who is not in custody at the time of entry of plea.

## DISCUSSION

1. *Former section 1382, subdivision 3.*

Before 1988, section 1382 provided in pertinent part: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: [¶] . . . . [¶] 3. [W]hen a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arraigned if he is in custody at the time of arraignment, or in all other cases, within 45 days after his arraignment, . . ."

Under this provision, an accused's right to a speedy trial within 30 days accrued at the time of a custodial arraignment. In 1987, the Los Angeles Municipal Court Judge's Association supported an amendment to section

1382 (Assem. Bill No. 2282 (1987-1988 Reg. Sess.) § 1 (hereafter AB 2282)), which "would permit the court greater flexibility in handling large case loads." (Assem. Com. Rep. on Pub. Safety, Bill No. 2282 (1987-1988 Reg. Sess.) May 18, 1987, p. 3.)

Among other things, AB 2282 purported to prevent a defendant from using portions of the speedy trial period while the case remained in a preplea posture. The bill removed all doubt as to when the running of the speedy trial period commenced and allowed the trial court to grant a continuance for entry of plea without shortening the speedy trial period. Further, such a continuance could be granted without extracting a time waiver from the accused.[1]

2. *Under amended section 1382 an accused in custody either at arraignment or plea must be tried within 30 days after, whichever event occurs later.*

As finally approved by the Legislature, AB 2282 amended the pertinent part of section 1382, effective January 1, 1988, to read as follows: "The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases: [¶] . . . . [¶] (c) [W]hen a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he or she is arraigned or enters his or her plea, whichever occurs later, if the defendant is in custody at the time of arraignment or plea, or in all other cases, within 45 days after the defendant's arraignment or entry of the plea, whichever occurs later, . . ."

a. *Baca's interpretation is consistent with AB 2282.*

Consistent with the stated purpose of AB 2282, Baca claims the amendment merely allows the 30 days to commence upon arraignment or entry of plea, whichever is later, unlike former section 1382 which required the 30 days to begin to run at arraignment. Applying this interpretation here, Baca reasons her custody status at arraignment on March 1, 1988, ensures the right to trial within 30 days which, under section 1382 as amended, began to run upon entry of plea on March 10, 1988.

---

[1] It is unclear whether the Los Angeles Municipal Court Judge's Association supported the amendment in order to clarify a split in decisional law on the definition of a completed arraignment (compare *Chartuck* v. *Municipal Court* (1975) 50 Cal.App.3d 931, 936-937 [123 Cal.Rptr. 816] (arraignment complete when the trial court asks the defendant how he or she pleads); and *People* v. *Cruz* (1980) 109 Cal.App.3d Supp. 18, 21 [167 Cal.Rptr. 363]; with *Simpson* v. *Municipal Court* (1975) 45 Cal.App.3d 112, 114 [119 Cal.Rptr. 184]; and *People* v. *Terry* (1970) 14 Cal.App.3d Supp. 1, 14 [92 Cal.Rptr. 479] (arraignment not complete until plea is entered)), or whether, as suggested at oral argument, the amendment facilitated a pretrial settlement conference practice employed in the Los Angeles Municipal Court.

b. *People's argument is strained and not within contemplation of amendment.*

The People claim defendants are entitled to the shorter speedy trial period only if they are in custody on the date of the event which triggers the running of the speedy trial period, that is, the arraignment or the entry of plea, whichever occurs later. Thus, the People claim Baca is not entitled to trial within 30 days because she was not in custody at the time of entry of plea.

The People base their argument in part on the fact the Los Angeles Municipal Court Judge's Association supported the amendment in order to permit greater flexibility in handling large caseloads.

While this reading of the amendment would certainly allow "greater flexibility" in the handling of misdemeanor caseloads, we do not believe the Legislature intended the degree of elasticity sought by the People.

The People also urge the Legislature "intended the phrase 'whichever occurs later' to apply to the clause 'if the defendant is in custody at the time of arraignment or plea,' even though it was not repeated there." They ask this court to correct the Legislature's purportedly inadvertent omission by extending the 30-day speedy trial period only to those defendants who are *in custody* at the time of the event which triggers the commencement of the limitations period.

The People assert there is no reason to try a defendant in custody at arraignment within 30 days if the accused is no longer in custody at the time of entry of plea. They attempt to exhibit this claimed anomaly by comparing two hypothetical defendants, one in custody and one not in custody, who are arraigned on the same date. At arraignment, both defendants request and receive continuances for entry of plea for 10 days. The detained defendant secures release the day after arraignment. On the 10th day, each pleads not guilty. Although neither is in custody at the time of entry of plea, the defendant who was arraigned in custody must be tried within 30 days after entry of plea while the defendant who never was in custody need not be brought to trial for 45 days.

The obvious difference is that the first defendant was in custody at the time of arraignment and the other defendant never came to court in custody. This significant deprivation of liberty at a critical stage of the criminal process triggers a speedy trial right which cannot be taken away merely because the accused thereafter obtains freedom before entry of plea.

c. *Legislative history supports interpretation set forth herein.*

The plain meaning of the statute conditions the right to the shorter speedy trial period upon the custody status of the accused at *either* the time of arraignment or plea. It does not require an accused to be in custody on the date of the event which triggers the running of the speedy trial period.

Even were we to find some ambiguity in the words of the amended statute, the legislative history supports also this interpretation.

The report of the Senate Committee on Judiciary (1987-1988 Reg. Sess.) on AB 2282 prepared for a July 14, 1987, hearing described the purpose of the amendment as follows: "This bill would require dismissal in . . . misdemeanor cases [filed in an inferior court] if the defendant were not brought to trial within 30 days after he or she was arraigned or entered his or her plea, whichever occurred later, *when the defendant was in custody at the time of the arraignment* or, in all other cases within 45 days after the defendant's arraignment or entry of plea, whichever occurred later." (Italics added.)

AB 2282, *as originally drafted,* echoed this language and took into consideration the custody status of the accused *only at the time of arraignment* in order to determine whether the 30- or 45-day period applied. On August 17, 1987, the Senate amended the bill to provide an accused the right to trial with 30 days when he or she "is arraigned or enters his or her plea, whichever occurs later, when the defendant is in custody at the time of arraignment *or plea,* . . ." (Sen. Amend. to AB 2282 (1987-1988 Reg. Sess.) Aug. 17, 1987, italics added.)

The addition of the words "or plea" to the custody condition clause of section 1382 merely recognized the possibility an accused might be arraigned out of custody but be in custody at the time of entry of plea. Consideration of custody status at that juncture became necessary once the Legislature enacted two possible starting dates for the commencement of the speedy trial period. Thus, the appropriate reading of the conditioning phrase after the addition of "or plea" is that a defendant who is in custody *either* at arraignment or entry of plea must be brought to trial within 30 days after the later of those two events.

We conclude the Legislature did not intend to derogate the 30-day speedy trial period already earned by reason of an accused having been in custody at arraignment. The amendment merely tolls the running of the 30-day period until the accused also enters a plea.

Accordingly, the trial court properly granted Baca's motion to dismiss on speedy trial grounds.[2]

### CONCLUSION

Section 1382 requires an accused in custody *either* at the arraignment or at the time of entry of plea to be tried within 30 days after the arraignment or entry of plea, whichever occurs later. Because Baca was in custody at the time of arraignment, trial had to commence within 30 days of the March 10 date of entry of plea. Thus, the trial court properly granted Baca's motion to dismiss the misdemeanor complaint 33 days later on April 12, 1988.

### DISPOSITION

The order of dismissal is affirmed.

Danielson, J., and Arabian, J., concurred.

---

[2] The opinion and judgment of the Appellate Department of the Superior Court of Los Angeles County states Baca waived time at the March 2, 1988, hearing. At the hearing on Baca's motion to dismiss, the trial court apparently determined the waiver to be defective because it lacked an advisement and waiver of the right to a speedy trial. The People do not raise the propriety of the trial court's ruling on this point.

Because section 1382, as now written, tolls commencement of the speedy trial period until entry of plea, no time waiver was needed on March 2, 1988, to forestall the running of the 30 days. The dismissal occurred in this case because on March 10, 1988, the date on which Baca entered a not guilty plea, the matter was set for trial on April 5, 1988, the 26th day after entry of plea. However, the People thereafter treated the matter as if the 10-day trailing rule applied. Of course, only when a case has been set at defense request on a date beyond the 30-day period does section 1382, subdivision (c), permit trial properly to commence within 10 days after the date so set.