Filed 11/8/23

CERTIFIED FOR PUBLICATION

IN THE APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF FRESNO


| | |
|---|---|
| THE PEOPLE, | Sup. Ct. Appeal No. 0003066 |
| Plaintiff/Respondent, | Sup. Ct. Case No. M21910977 |
| v. | OPINION |
| RIGOBERTO IGNACIO VERA, | |
| Defendant/Appellant. | |

APPEAL from a pretrial order of the Superior Court of Fresno County, Hon. Elizabeth Egan, J., denying a motion to suppress evidence obtained during a warrantless search and seizure. Affirmed.[1]

**Attorneys and Law Firms**

Robert L.S. Angres, attorney for defendant/appellant Rigoberto Ignacio Vera.

---

[1] This opinion was originally issued by the court on November 8, 2023. It was certified for publication on November 14, 2023, which is within the time that the appellate division retained jurisdiction. This opinion has been certified for publication in the Official Reports. It is being sent to the Fifth District Court of Appeal to assist the Court of Appeal in deciding whether to order the case transferred to the court on the court's own motion under Rules 8-1000 – 8.1018.

Neda Shahrestani, attorney for plaintiff/respondent Fresno County District Attorney's Office.

**Opinion**

Hon. F. Brian Alvarez, Presiding Judge of the Appellate Division of the Fresno Superior Court.

## I.

## <u>INTRODUCTION</u>

By way of pretrial appeal, defendant Rigoberto Vera (Vera) challenges the denial of his motion to suppress evidence in his ongoing criminal prosecution. (Pen. Code, § 1538.5, subd.(j).)[2] Citing to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appointed appellate counsel asked us to independently review the record for any arguable issue that could be raised. Vera, represented by the Fresno County Public Defender in the trial court, has yet to be arraigned on the criminal complaint.

We requested supplemental briefing as to: (1) whether this pretrial appeal was timely sought under section 1510; and (2) whether the procedures under *Anders* and *Wende* apply on pretrial appeal from the denial of a motion to suppress in a misdemeanor case. We conclude that this appeal was not timely sought and the procedures under *Anders* and *Wende* are not required. Because respondent urges us to review the matter, we elect to do so. However, we employ the procedure set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

---

[2]  Unspecified statutory references are to the Penal Code.

## II.

## BACKGROUND

The circumstances surrounding Vera's arrest for driving under the influence (DUI) are not detailed here because they are not salient to the issues raised on appeal. Suffice to say that Vera was arrested for DUI on June 6, 2021, after colliding into a city streetlamp, injuring himself. A warrantless blood draw confirmed he drove a motor vehicle under the influence of alcohol.

On August 12, 2021, respondent filed a misdemeanor complaint charging Vera with DUI (Veh. Code, § 23152, subds. (b) & (b)), and driving without a valid license (Veh. Code, § 12500, subd. (a)).

On September 26, 2022, Vera initially appeared for his arraignment hearing. With counsel, Vera waived statutory time for arraignment and moved to continue his arraignment hearing to a later date. The trial court granted his motion and scheduled the hearing for October 17, 2022.

On October 17, 2022, Vera appeared for the scheduled hearing. With counsel, Vera again waived statutory time for arraignment and moved for another continuance. The trial court granted his motion and set the case for a hearing on December 12, 2022.

On December 12, 2022, Vera appeared for his scheduled arraignment. With counsel, Vera again waived statutory time for arraignment and moved for another continuance. The trial court granted his motion and set the matter for a hearing on January 19, 2023.

On January 19, 2023, Vera appeared again for his scheduled arraignment. With counsel, Vera again waived statutory time for arraignment and sought a further continuance. The trial court

-3-

granted his motion and set the matter for a hearing on February 2, 2023.

On February 1, 2023, Vera filed a motion to suppress evidence under section 1538.5. He argued that his blood draw violated his rights under the Fourth Amendment to the United States Constitution.

On February 2, 2023, Vera again appeared at his scheduled arraignment, and again waived statutory time for his arraignment. The trial court set the matter for a suppression hearing to be heard on March 16, 2023.

On March 9, 2023, respondent filed an opposition to Vera's motion to suppress.

On March 16, 2023, the trial court heard and denied Vera's motion to suppress. At the same hearing, Vera again waived statutory time for arraignment and sought another continuance of his arraignment hearing. The trial court granted his request.

On March 23, 2023, the Fresno County Public Defender filed Vera's pretrial notice of appeal challenging the denial of his motion to suppress, and requesting we appoint appellate counsel. (§ 1538.5, subd. (j).) Thereafter, we appointed appellate counsel.

On July 25, 2023, appellate counsel filed an opening brief pursuant to *Anders* and *Wende*, noting three potential issues that counsel did not believe had a reasonable chance of success.

On September 6, 2023, we asked the parties to provide supplemental briefing addressing: (1) whether Vera timely filed this pretrial appeal from the denial of his suppression motion where it appeared that he had not yet been formally arraigned on the criminal complaint, and (2) whether the procedures of *Anders* and *Wende* apply

-4-

to pretrial appeals from the denial of motions to suppress evidence in misdemeanor cases.  (See Gov. Code, § 68081.)

Both parties have now filed supplemental briefs addressing these issues.

**III.**

**<u>DISCUSSION</u>**

**A.    This Pretrial Appeal is Untimely Under Section 1510**

Vera has never been arraigned on the criminal complaint.  We have repeatedly seen this procedural anomaly in pretrial appeals in other cases, where the Fresno County Public Defender is the attorney of record in the trial court. Initially, we questioned whether pretrial appellate review was timely sought in light of section 1510. We now conclude that this appeal is untimely under that statute.

Vera argues that the plain language of section 1510 provides that the time requirements of the statute are not triggered until a defendant has actually been arraigned. Because he has not been arraigned, Vera maintains pretrial review is timely.  Respondent argues that Vera should have been arraigned before the hearing on the motion to suppress. Respondent adds that section 1510 renders this appeal untimely because pretrial review had not been sought within 45 days following Vera's arraignment. Nevertheless, respondent urges us to independently review the record.

Section 1510 provides, in salient part, that "[t]he denial of a motion made pursuant to ... section 1538.5 may be reviewed prior to trial only if the motion was made by the defendant in the trial court not later than 45 days following defendant's arraignment on the complaint if a misdemeanor...unless within these time limits

-5-

the defendant was unaware of the issue or had no opportunity to raise the issue." Our inquiry requires us to interpret statutory language, which we do de novo. (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 724.)

In this endeavor, "[o]ur task is to discern the Legislature's intent. The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain language governs." (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1190.) "If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend." (*People v. Sanchez* (2021) 66 Cal.App.5th 14, 18 (*Sanchez*.)

Section 988 requires that "[t]he arraignment must be made by the court, or by the clerk or prosecuting attorney under its direction, and consists in reading the accusatory pleading to the defendant and delivering to the defendant a true copy thereof, and of the endorsements thereon, if any, including the list of witnesses, and asking the defendant whether the defendant pleads guilty or not guilty to the accusatory pleading; provided, that where the accusatory pleading is a complaint charging a misdemeanor, a copy of the same need not be delivered to any defendant unless requested by the defendant."[3] (§ 988.) At the arraignment hearing,

---

[3] We note there is a long-standing split of authority about whether a completed arraignment includes entering a defendant's plea. (Compare *Simpson v. Municipal Court* (1975) 45 Cal.App.3d 112, 114 [includes entering a plea]; *People v. Terry* (1970) 14 Cal.App.3d Supp. 1, 4 [same]; with *Chartruck v. Municipal Court* (1975) 50 Cal.App.3d 931, 936-937 [entry of plea not required] *People v. Cruz* (1980)

a defendant must be allowed a "reasonable time to answer," which is "not more than seven days in a misdemeanor or infraction case." (§ 990.) "If the defendant refuses to answer the accusatory pleading by demurrer or plea, a plea of not guilty must be entered." (§ 1024.)

Section 1510 allows pretrial review "*only if* the motion was made by the defendant in the trial court not later than 45 days *following* defendant's arraignment on the complaint if a misdemeanor . . .." (Italics added.) By its plain language, we believe the statute requires there be an arraignment, then a motion to suppress made not later than 45 days following that arraignment. The Legislature's choice of words is clear on this point – any suppression motion must *follow* an arraignment and must do so within 45 days. Without a misdemeanor arraignment, there can be no timely pretrial appeal under the statute. Thus, giving the statutory language a "plain" and "commonsense" meaning (*Sanchez*, *supra*, 66 Cal.App.5th at p. 18), we conclude that pretrial appellate review here is untimely under section 1510. If pretrial review could be timely sought under section 1510 by repeatedly waiving the statutory time for arraignment (without actually waiving formal arraignment), the statutory deadline would effectively be evaded by a simple strategy of indefinitely postponing the formal arraignment hearing without actually waiving the right to a formal arraignment, as occurred here.

"The spirit and purpose" of section 1510 "is to require a defendant to raise the issue of suppression and have it determined

---

109 Cal.App.3d Supp. 18, 21 [same].) We need not weigh into this split because Vera has never been arraigned under either definition.

prior to trial, without any needless postponement of the trial date." (*People v. Wallin* (1981) 124 Cal.App.3d 479, 484.) As such, the limitation of pretrial appellate review to those defendants who have brought their motions to suppress within 45 days following the arraignment tracks the outer limit with which misdemeanor defendants must be brought to trial. (See § 1382, subd. (a)(3).) Interpreting section 1510 to allow pretrial appellate review indefinitely when a defendant continually waives the statutory time for arraignment throughout the criminal proceeding would circumvent the purpose of the statute. Because Vera has neither been formally arraigned nor waived formal arraignment, and there is no applicable exception, pretrial appellate review of the denial of his motion is untimely under the plain language of section 1510.

Appellate counsel nevertheless contends that pretrial review is timely in the absence of Vera's arraignment because the motion to suppress was filed "not later than 45 days following defendant's arraignment." (§ 1510.) In other words, since Vera has never been arraigned, appellate counsel maintains that the motion was brought not later than 45 days following the defendant's arraignment. However, this interpretation renders the word "following" surplusage in the statute. We must interpret statutes giving effect to all words used and avoid an interpretation that renders words nugatory. (*People v. Shabazz* (2006) 38 Cal.4th 55, 67.) Again, we believe the Legislature's use of the word "following" requires an arraignment to precede any motion to suppress.

Notwithstanding the applicability of section 1510, respondent urges us to independently review the record. Appellate courts do generally retain the authority to exercise discretion to address

issues that are properly barred from appellate review under traditional rules of procedure.  (Cf. *People v. Williams* (1998) 17 Cal.4th 148, 161, fn. 6; *People v. Cota* (2020) 45 Cal.App.5th 786, 794.)  "Appellate courts have fundamental inherent equity, supervisory, and administrative powers, as well as inherent power to control litigation before them."  (*People v. Flores* (2020) 54 Cal.App.5th 266, 273 (*Flores*).)

As respondent notes in supplemental briefing, it is only when the prosecution raises noncompliance with section 1510 that a defendant bears the burden of showing an applicable exception to the statute's requirements.  (See *Rodriguez v. Superior Court* (1988) 199 Cal.App.3d 1453, 1460.)  Because respondent did not raise non-compliance with section 1510 prior to our request for supplemental briefing, and because both parties ask us to independently review the record, we exercise our discretion to excuse Vera's non-compliance with section 1510.

### B.   *Anders/Wende* Review Is Not Required On Pretrial Appeal

We must next address whether *Anders* and *Wende* review is mandated, discretionary, or unavailable on pretrial appeal from the denial of a motion to suppress in a misdemeanor proceeding. Appellate counsel contends that the *Anders/Wende* procedures should apply to a pretrial appeal from the denial of a motion to suppress in a misdemeanor case because it is a "first appeal as a matter of right" and that, even if *Anders/Wende* review is not mandated, we should exercise our discretion to independently review the record. We take a different approach.

As a general matter, where appointed appellate counsel is unable to find viable issues to raise on appeal, Fourteenth

-9-

Amendment principles of due process and equal protection require reviewing courts to independently examine the record for any arguable issue on appeal from a defendant's "first appeal as a matter of right." (*Anders*, *supra*, 386 U.S. at pp. 743-745; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Reviewing courts must include "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed." (*People v. Kelly* (2006) 40 Cal.4th 106, 110.) "[A]ny other information from the record that they anticipate will be relevant in further challenges to the judgment" should also be included in opinions resolving appeals filed in such cases. (*Ibid*.) *Anders* and *Wende* review applies to misdemeanor appeals from a final judgment. (*In re Olsen* (1986) 176 Cal.App.3d 386, 389–392.)

But this "prophylactic" procedure is required only when there is a previously established right to counsel. (*Delgadillo, supra,* 14 Cal.5th at p. 224.) *Wende* review is thus limited to a criminal defendant's "first appeal as a matter of right," meaning, an appeal from a final judgment in a criminal case. (*People v. Griffin* (2022) 85 Cal.App.5th 329, 333.) *Wende* procedures do not extend to all appeals in criminal matters. (See e.g., *People v. Serrano* (2012) 211 Cal.App.4th 496, 501 (*Serrano*).) Consistent with these principles, the California Supreme Court recently explained in *Delgadillo* that a state-created statutory right to the appointment of counsel in postconviction proceedings does not invoke *Anders*/*Wende* procedures because there is "no constitutional right to the effective assistance of counsel in state post-conviction proceedings." (*Delgadillo, supra,* 14 Cal.5th at p. 224.)

*Anders/Wende* review has been found inapplicable in contexts including conservatorship proceedings under the Lanterman-Petris Short Act (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 537); civil commitment proceedings under the Mentally Disordered Offender Act (*People v. Taylor* (2008) 160 Cal.4th 304, 309); proceedings for restoration of sanity under section 1026.2 (*People v. Dobson* (2008) 161 Cal.4th 1422, 1425), and to indigent parent's appeals from rulings adversely affecting child custody status (*In re Sade C.* (1996) 13 Cal.4th 952). Because *Anders/Wende* review serves to protect an indigent appellant's rights, it is also unavailable to those represented by privately retained counsel. (*People v. Placencia* (1992) 9 Cal.App.4th 422, 424.)

Review under *Anders/Wende* does not generally extend to pending trial court proceedings. In *People v. Thurman* (2007) 157 Cal.App.4th 36 (*Thurman*), the defendant argued that his attorney provided constitutionally deficient representation by failing to file a brief under *Anders* and *Wende* after finding no valid grounds to bring a motion for a new trial in an ongoing criminal proceeding. (*Id*. at pp. 44-45.) Rejecting that argument, *Thurman* explained that "[t]he purpose of the *Anders/Wende* procedure is to ensure that attorneys who are appointed to represent indigent defendants... conscientiously scrutinize the record and actively assert those issues which may, in the attorney's professional judgment, result in a reversal of the judgment or in a reduction of the defendant's sentence." (*Ibid*.)

*Thurman* explained that "[n]o court, as far as we are aware, has extended these procedures to trial court proceedings, and we see no reason to do so." (*Thurman, supra*, 157 Cal.App.4th at p.

-11-

45.)  This is because "[d]ue process does not require extending those procedures beyond the first appeal of right in a criminal prosecution unless, among other considerations, their absence would significantly increase the risk of erroneous appellate resolution. (*Ibid*.)  "Procedures that are practically 'unproductive' ... need not be put into place, no matter how many and how weighty the interests that theoretically support their use."  (*Id.* at p. 46.) "Any of the grounds for a new trial, whether or not they were presented in a new trial motion, can also be raised on appeal, if they appear on the face of the record and are sufficiently developed to permit appellate review."  (*Ibid*.)

Recently, the California Supreme Court stressed in *Delgadillo, supra*, 14 Cal.5th 216, that the procedures in *Anders* and *Wende* are "relevant when, and only when, a litigant has a previously established constitutional right to counsel." (*Id.* at p. 224.)  Our Supreme Court addressed a defendant's constitutional right to counsel when the prosecution appeals from the *grant* of a motion to suppress evidence in a misdemeanor case in *Gardner v. Appellate Division of Superior Court* (2019) 6 Cal.5th 998.  *Gardner* found that a criminal defendant facing misdemeanor charges has the right to appointed counsel to defend against the prosecution's appeal from the grant of a motion to suppress.  (*Id.* at p. 1001.)  While finding it unnecessary to address whether the Sixth Amendment to the United States Constitution afforded that right, *Gardner* found that article I, section 15 of the California Constitution did require a court-appointed attorney.  (*Ibid*.)  *Gardner* thus establishes that there exists a state constitutional right to

-12-

counsel in appellate proceedings following the grant of a motion to suppress in a misdemeanor case.

But *Gardner* expressly declined to address whether a criminal defendant like Vera has a corresponding state constitutional right to counsel following the *denial* of a motion to suppress. (*Gardner, supra*, 6 Cal.5th at pp. 1008–1009, fn. 8 ["[t]his case, of course, concerns the right to appointed counsel for purposes of responding to a pretrial prosecution appeal of a favorable suppression ruling... [w]e express no opinion about a defendant's right to appointed counsel for purposes of bringing a pretrial appeal of an adverse suppression ruling."].) It is likewise unsettled whether the *Anders/Wende* procedures are required in such cases. While *Gardner* leaves open the possibility of a state constitutional right to appellate counsel on appeal from the denial of a motion to suppress, review under *Anders/Wende* is required only if there is both a constitutionally mandated right to counsel on appeal *and* principles of equal protection and/or due process require such review. (See e.g., *Conservatorship of Ben C., supra,* 40 Cal.4th at p. 541 [finding *Anders/Wende* procedures do not apply to conservatorship proceedings even though a proposed conservatee is entitled to counsel in conservatorship proceedings and on appeal from conservatorship proceedings].)

To assess whether these concerns support *Anders/Wende* review, courts examine: (1) the private interests at stake; (2) the state's interests involved; and (3) the risk that the absence of the procedures in question will lead to an erroneous resolution of the appeal. (See *In re Sade C., supra*, 13 Cal.4th 952, 987; *Conservatorship of Ben C., supra*, 40 Cal.4th at p. 540.) In the

context of pretrial appeals from the denial of suppression motions, the private interests at stake are the defendant's liberty interest which must be considered alongside state interests that include ensuring there was a correct ruling, judicial economy, and administrative costs. (See *Delgadillo, supra*, 14 Cal.5th at p. 229; *Flores, supra*, 54 Cal.App.5th at p. 274.) As explained in *Flores*, "[t]he risk of an erroneous ruling is present if appointed counsel failed to identify a meritorious (reversible) issue on appeal, and the appellate court also failed to identify that issue by failing to conduct an independent review." (*Id*. at p. 274.) *Delgadillo* instructs that "[u]ltimately, the salient question... is whether the absence of the *Anders/Wende* procedures significantly increases the risk of erroneous resolutions." (*Delgadillo, supra,* 19 Cal.5th at p. 229.)

Because a criminal defendant has the right to challenge the denial of a motion to suppress following judgment in all misdemeanor cases, pretrial review under *Anders/Wende* does not significantly reduce the risk of erroneous appellate rulings. In misdemeanor cases, appellate review of suppression motions is available both pretrial and postconviction. Under section 1538.5, both the People and the defendant, in a misdemeanor case, are entitled to appeal any decision on a motion to suppress to the appellate division. (§ 1538.5, subd. (j).) But, as discussed, pretrial appellate review is limited to those defendants who bring a motion to suppress within 45 days following the arraignment. (§ 1510.) If the defendant is ultimately convicted, appellate review is available to challenge the suppression ruling whether the defendant was convicted by a jury trial or plea. (§§ 1538.5, subd. (m); 1466, subd. (b)(1).)

Under this framework, a misdemeanor defendant who brings a suppression motion within 45 days following the arraignment has the opportunity for appellate review of the denial of a suppress motion twice if they are ultimately convicted: once pretrial and once postjudgment. (§ 1538.5, subds. (j), (m).) If appellate counsel is unable to find an arguable issue, review under *Anders/Wende* could potentially be required both times.

If *Anders/Wende* review is required pretrial, any appellate ruling on the merits of the pretrial denial would likely be binding in subsequent appellate proceedings. If the suppression ruling is challenged twice, the law of the case doctrine would likely prevent any reconsideration after judgment of a decision already made on pretrial review. "The law of the case doctrine holds that when an appellate opinion states a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to through its subsequent progress in the lower court and upon subsequent appeal." (*People v. Superior Court* (*Plascencia*) (2002) 103 Cal.App.4th 409, 432.) Because *Anders/Wende* review will always be available postjudgment, and there can only be a single appellate ruling on the same suppression issue, pretrial review appears to offer only the minimal theoretical benefit of the possibility of an erroneous ruling being discovered on independent review earlier rather than later.

An additional layer of *Anders/Wende* review will provide a very minimal and theoretical extra protection to a misdemeanor defendant's liberty interest in the sense that an erroneous ruling may be discovered earlier. But "[p]rocedures that are practically 'unproductive' ... need not be put into place, no matter how many

-15-

and how weighty the interests that theoretically support their use." (*Thurman, supra*, 157 Cal.App.4th at p. 45.) Due process does not mandate *Anders/Wende* review beyond the first appeal of right in a criminal prosecution unless, among other considerations, its "absence would significantly increase the risk of erroneous appellate resolution." (*Ibid.*) Here, there is no net reduction in the risk of erroneous rulings because *Anders/Wende* review will be available postjudgment on the same suppression issue.

In supplemental briefing, appellate counsel contends that the *Anders/Wende* procedures do apply because a pretrial appeal from the denial of a suppression motion is a "first appeal as a matter of right" in a criminal prosecution. Contrary to appellate counsel's contention, a pretrial appeal from the denial of a motion to suppress is not a "first appeal as a matter of right" because it is not an appeal from a judgment imposed after a criminal conviction. (*Douglas v. California* (1963) 372 U.S. 353, 356 ["[w]e are dealing only with the first appeal, granted as a matter of right to rich and poor alike ... from a criminal conviction"]; *Anders, supra*, 386 U.S. at p. 739 ["[w]e are here concerned with the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction"]; *Serrano, supra*, 211 Cal.App.4th at p. 501 ["[t]he appeal before us, although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction."].) And although a criminal defendant has a statutory right to file a pretrial appeal from the denial of a motion to suppress in an ongoing misdemeanor case, the "matter of right" that requires review under *Anders/Wende* is a matter of constitutional

right under the Fourteenth Amendment rather than a statutory right imposed by state law. (See *Anders, supra*, 386 U.S. at p. 741.) As discussed above, the *Anders/Wende* procedures that are required by the due process and equal protection principles embodied in the Fourteenth Amendment do not generally extend to ongoing trial court proceedings. (*Thurman, supra*, 157 Cal.App.4th at p. 45.)

On balance, we conclude that review under *Anders* and *Wende* is not constitutionally required on pretrial appeal from the denial of a suppression motion in a misdemeanor case. "Independent review in *Wende* appeals consumes substantial judicial resources." (*Delgadillo, supra*, 14 Cal.5th at p. 229.) Our appellate division, like most others, is comprised of busy trial court judges tasked with the additional duty of reviewing certain appellate and writ matters. (See Code Civ. Proc. § 77.) The expedited nature of pretrial review stretches thin judicial resources thinner yet. Given this reality, we believe the proper "framework" is the procedure set forth in *Delgadillo, supra,* 14 Cal.5th 216: "When appointed counsel finds no arguable issues to be presented on appeal: (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the [motion]; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right file a supplemental letter brief or brief and that if no letter brief or brief is filed within 30 days, the court may dismiss the matter." (*Id*. at pp. 231-232.)

## IV.

## DISPOSITION

The court clerk is directed to send Vera and trial counsel a copy of appellant's brief along with notice informing them of the right to file a supplemental letter brief or brief within 30 days, otherwise the court may dismiss this matter.

IT IS SO ORDERED.

Dated this ___ day of November, 2023

_____
Hon. F. Brian Alvarez
Presiding Judge of the Appellate Division
of the Fresno County Superior Court

WE CONCUR:

_____
Hon. D. Tyler Tharpe
Assistant Presiding Judge of the
Appellate Division of the Fresno County
Superior Court

_____
Hon. Robert G. Mangano
Judge of the Appellate Division of the
Fresno County Superior Court